UNITED STATES of America

v.

**J.C. VORTIS, a/k/a, Tyrone Downs, Navee, Ben, Appellant.**

UNITED STATES of America

v.

**J.C. VORTIS, a/k/a, Tyrone Downs, Navee, Ben, Appellant.**

**Nos. 85–6078, 85–6079.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 28, 1986.

· Ernest W. McIntosh, Jr., Washington, D.C., was on appellant's memorandum of law and fact.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Judith Hetherton and Robert M. Morgan, Asst. U.S. Attys., Washington, D.C., were on appellee's memorandum in response.

Before WRIGHT, MIKVA and BORK, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

These cases are statutorily expedited appeals under the Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50. Appellant has been detained pending trial in two separate cases. He appeals the district court's order denying his motion for revocation of pretrial detention in Crim. No. 85–342 and granting the government's motion for pretrial detention in Crim. No. 85–341. For the reasons stated below, we affirm the district court's order with respect to Crim. No. 85–342, but remand the order with respect to Crim. No. 85–341 for further consideration.

In July, 1985, appellant was charged in Magistrate's No. 85–474M, the predecessor to Crim. No. 85–342, with interstate transportation of stolen property, 18 U.S.C. § 2315. On August 1, 1985, after a hearing under 18 U.S.C. § 3142(f)(2)(A), Magistrate Patrick J. Attridge found by a pre-

ponderance of the evidence that there was a serious risk that appellant would flee, and ordered him detained pretrial pursuant to 18 U.S.C. § 3142(e).

An indictment was subsequently filed charging appellant and others in Crim. No. 85–342 with violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and other offenses. In addition, a separate indictment was filed against appellant and others in Crim. No. 85–341, a grand jury original case charging conspiracy, 18 U.S.C. § 371, and telephone toll fraud, 18 U.S.C. § 1343.

On September 27, 1985, appellant was arraigned on both indictments before Magistrate Arthur L. Burnett. Magistrate Burnett also reconsidered, on appellant's oral motion, Magistrate Attridge's ruling in Crim. No. 85–342 and, after hearing defense testimony, reaffirmed the pre-trial detention order. In Crim. No. 85–341, the grand jury original case in which no bond had previously been set, he denied the government's motion for pretrial detention and set a surety bond of $10,000. Magistrate Attridge filed his written findings in Criminal No. 85–342 on October 4, 1985, *nunc pro tunc* to August 7, 1985. Magistrate Burnett, however, apparently filed no written findings in Crim. No. 85–341.

On October 7, 1985, the district court heard appellant's motion to revoke pretrial detention in Crim. No. 85–342 and the government's motion to detain appellant pending trial in Crim. No. 85–341. The following day, the district court denied appellant's motion to revoke pretrial detention in No. 85–342 and granted the government's motion for pretrial detention in No. 85–341. On October 25, 1985, the district court denied appellant's motion for reconsideration. Appellant filed a notice of appeal on November 4, 1985.

*Crim. No. 85–342*

Magistrate Attridge based his pretrial detention order on his conclusion that appellant presented a serious risk of flight. Among other things, Magistrate Attridge found that: a safe deposit box in appellant's name had contained thirteen United States passports and other forms of identification for persons other than appellant; appellant may be the local leader of a group involved in the theft and sale of airline tickets, fraudulent identifications, credit cards, and passports; appellant received his operating instructions from a person in Chicago named Stone, who was a fugitive from justice; and, at the time of appellant's arrest, appellant was planning to travel to Liberia for a semi-permanent transfer on Stone's orders and had discussed with Stone which passport he should use. Based upon those findings, the Magistrate concluded: that there was probable cause to believe that appellant was engaged in criminal activity; that there was probable cause to believe that appellant would flee the country; and that no condition or combination of conditions of release set forth in 18 U.S.C. § 3142(c) would reasonably assure his appearance. The district court reviewed the magistrate's findings and a transcript of the detention hearing, heard additional evidence from both parties, and affirmed the detention order.

■ Although appellant argues that the government should be required to establish risk of flight by clear and convincing evidence, we hold that the magistrate correctly applied the preponderance of the evidence standard. We reach that conclusion for several reasons. First, although the statute explicitly states that a finding that a person should be detained pretrial as a danger to the community must be supported by "clear and convincing evidence," 18 U.S.C. § 3142(f), it is silent on the burden of proof needed for a finding that a person poses a risk of flight. By contrast, in the context of bail pending appeal, the statute provides for detention unless the court finds, by clear and convincing evidence, that the person is not likely to flee or pose a danger to the community. 18 U.S.C. § 3143(b). The statutory structure therefore suggests that Congress intended a different burden of proof for pretrial detention because of risk of flight than for danger to the community. The standard of

proof applicable to other kinds of pretrial proceedings is the preponderance of the evidence and we find that to be the appropriate burden for establishing risk of flight. *See United States v. Chimurenga,* 760 F.2d 400, 405–06 (2d Cir.1985); *United States v. Fortna,* 769 F.2d 243, 250 (5th Cir.1985); *United States v. Motamedi,* 767 F.2d 1403, 1406–07 (9th Cir.1985); *United States v. Orta,* 760 F.2d 887, 891 & n. 20 (8th Cir.1985).

■ Accordingly, we agree with the district court that the magistrate's findings are supported by the proceedings below and are not clearly erroneous. *See, e.g., United States v. Jessup,* 757 F.2d 378, 387–88 (1st Cir.1985); *United States v. Fortna,* 769 F.2d 243, 250 (5th Cir.1985); *United States v. Motamedi,* 767 F.2d 1403, 1405–06 (9th Cir.1985). While appellant would have us apply some special standard for our appellate review of the magistrate's conclusions, we need not address that question. Under any standard of review, we would affirm the detention order in this case.

■ Finally, we find the requirement of 18 U.S.C. § 3142(i)(1) that a pretrial detention order include "written findings of fact and a written statement of the reasons for the detention" to be satisfied by the Magistrate's October 4, 1985 order of detention pending trial.

*Crim. No. 85–341*

■ Based upon the evidence presented at the September 27, 1985 arraignment, Magistrate Burnett set a $10,000 surety bond in Crim. No. 85–341. However, no written release order was filed, as required under 18 U.S.C. § 3142(h)(1). The district court, upon consideration of the evidence before Magistrate Burnett as well as additional evidence presented on October 7, 1985, ordered appellant detained. Again, no written findings were filed, as required by 18 U.S.C. § 3142(i)(1). While it is true that the existing detention order in No. 85–342 is sufficient currently to keep appellant off the streets, the trial in No. 85–342 apparently will be conducted separately from No. 85–341. The government is therefore entitled to seek a "back-up" detention order if the proceedings in No. 85–342 are terminated in appellant's favor. However, the statutory findings are a necessary precedent to such an order and cannot automatically be inferred from the other pretrial proceedings. We therefore remand to the district court for further consideration consistent with the requirements of the statute.