UNITED STATES of America

v.

Charles A. SIMPKINS, Appellant.

No. 86–3049.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 30, 1986.

Order Oct. 6, 1986.

Decided Aug. 14, 1987.

R. Bruce Holcomb, with whom Peter J. Kadzik, Washington, D.C., was on the brief (both appointed by this court as amicus curiae), for appellant. William J. Garber, Washington, D.C. (trial counsel, appointed by this court) filed a "Memorandum of Law and Fact" on appellant's behalf.

Larry R. Parkinson, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before WALD, Chief Judge, and BUCKLEY and WILLIAMS, Circuit Judges.

Opinion for the court filed by Circuit Judge BUCKLEY.

BUCKLEY, Circuit Judge:

Appellant seeks reversal of a magistrate's pretrial detention order on the grounds that (1) the government did not meet its burden of proving that no condi-

tion or combination of conditions of release will reasonably assure his appearance at trial and the safety of the community, and (2) his detention on a finding of potential danger to the community is a violation of his substantive due process rights under the Fifth Amendment. We hold that appellant's pretrial detention does not violate his rights under the Due Process Clause of the Fifth Amendment, and that the magistrate's conclusion that appellant's release pending trial would pose a danger to the community was supported by clear and convincing evidence. We therefore affirm.

## I. FACTUAL BACKGROUND

In July 1986, Washington, D.C. police arrested appellant Charles Simpkins while he was driving a car that had been reported stolen. The arresting officer found two handguns in the car. At the time of the arrest, Simpkins was on parole after serving nine years in jail as a result of a 1977 conviction on two counts of armed robbery. As a consequence, on July 16, 1986, the government presented Simpkins on charges of possession of firearms following conviction of a felony. The record disclosed two earlier convictions: one in 1973 on charges of robbery, carrying a deadly weapon, and two counts of assault with a gun; and the other, in 1971, for robbery. *United States v. Charles Simpkins*, Mag.'s No. 86–0499M–01, Memorandum and Order of Detention at 2–3 (D.D.C. July 29, 1986) ("Memorandum and Order").

Following his arrest, appellant was held in temporary custody pending a detention hearing under the authority of the Bail Reform Act of 1984 ("Act"), 18 U.S.C. §§ 3141–3156 (Supp. III 1985), to determine whether any condition or conditions of release would "reasonably assure [his] appearance ... as required and the safety of any other person and the community." Section 3142(f).

At the hearing before a magistrate of the United States District Court for the District of Columbia, appellant argued that his record of appearance at prior trials and the strength of his ties to Washington and to his family provided sufficient assurance that he posed no risk of flight. Memorandum and Order at 4. At the hearing, his sister testified that prior to his most recent incarceration and after his release on parole, appellant lived with her and their mother and that he could continue to reside with them if released. She also corroborated appellant's assertion that he had a job as a counselor for retarded children. *Id.* at 3. Appellant, through counsel, testified that appellant's father, a lifelong resident of the District of Columbia, was willing to allow appellant to live with him and to assure appellant's presence at trial. *Id.*

Appellant challenged the second basis for his pretrial detention primarily on constitutional grounds, asserting that a deprivation of liberty based on a prediction of future crime is a violation of substantive due process under the Constitution. *See* Brief for Appellant at 9 and Brief for Amicus Curiae (for Appellant) *passim, both citing United States v. Salerno*, 794 F.2d 64 (2d Cir. 1986), *since rev'd*, ── U.S. ──, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

The magistrate concluded on the evidence that "no condition or combination of conditions set forth in § 3142(c) will *reasonably* assure the safety of the community or the presence of the defendant at future court proceedings." Memorandum and Order at 6 (emphasis in original). Two days after the magistrate ordered him detained, Simpkins moved for district court review of the order. The court heard oral argument and denied the motion the same day. *United States v. Charles Simpkins*, Mag.'s No. 86–0499M–01(Cr), Order (D.D.C. July 31, 1986) (denial of motion for review of detention order). We granted appellant's motion for an expedited hearing of his appeal, and on October 6, 1986, issued an order, with opinion to follow, affirming the district court. *United States v. Simpkins*, 801 F.2d 520 (D.C.Cir.1986). We now state our reasons for affirming.

## II. ANALYSIS

### A. *Statutory Context*

An individual subject to the Bail Reform Act of 1984 may not be detained pending

trial except under carefully defined circumstances. The judicial officer before whom a person charged with a crime is presented must determine whether the accused is to be (1) "released on his personal recognizance or upon execution of an unsecured appearance bond," (2) released subject to a condition or conditions stipulated by the Act, (3) temporarily detained for the purposes stated in the Act, or (4) detained pending trial. Section 3142(a).

Before pretrial detention may be ordered, however, the judicial officer must conduct a "hearing to determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the person as required and the safety of any other person and the community...." Section 3142(f); *see also* section 3142(e). Subsection (e)(2) lists thirteen specific conditions (such as remaining in the custody of a designated individual, maintaining employment, periodic reporting to a designated law enforcement agency, undertaking medical or psychiatric treatment, and executing a bail bond) that the judicial officer must take into consideration. In addition, it contains a catchall provision inviting the officer to apply any other condition he might consider "reasonably necessary" to assure the accused's appearance and the community's safety. 18 U.S.C. § 3142(c)(2)(N).

The Act provides that the detention hearing be held "immediately upon the person's first appearance before the judicial officer" (or within three days if the government can show good cause) and grants the accused the right "to be represented by counsel, and, if he is financially unable to obtain adequate representation, to have counsel appointed for him." Section 3142(f).

While the Act requires that detention be supported by "clear and convincing evidence" when the justification is the safety of the community, *id.*, it is silent as to the level of proof required to establish risk of flight. This circuit, however, has ruled that such a finding need only be supported by a "preponderance of the evidence." *United States v. Vortis*, 785 F.2d 327, 329 (D.C.Cir.1986). Therefore, as the magis-

trate's detention order was based on considerations of both communal safety and risk of flight, our task is to determine whether the finding is supported, in the case of the first ground, by clear and convincing evidence; and in the case of the second, by a preponderance of the evidence.

## B. *The Magistrate's Determinations*

While we question the adequacy of the magistrate's determination of a risk of flight, we are satisfied that his finding that no condition or combination of conditions will assure the safety of the community is supported by clear and convincing evidence and is not clearly erroneous. Also, while the Act does not provide explicit guidance with respect to the standard of appellate review to be applied to each of the findings (a matter that is argued by the parties and as to which the circuits are split), we conclude (as we did in *Vortis*) that we need not address that question because "[u]nder any standard of review, we would affirm the detention order in this case." 785 F.2d at 329.

### 1. Danger to the Community

Whether the release of a particular individual will pose a danger to the community is a question of fact to be determined by the judicial officer following the detention hearing required by section 3142(f); we will sustain that determination unless clearly erroneous. *Accord United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir.1985); *cf. United States v. Stanley*, 469 F.2d 576, 580–82 (D.C.Cir.1972) (post-trial detention awaiting appeal). As the Second Circuit recently held, where "the future misconduct that is anticipated concerns violent criminal activity, no issue arises concerning the outer limits of the meaning of 'danger to the community,' an issue that would [otherwise] require a legal interpretation of the applicable standard." *United States v. Salerno*, 794 F.2d at 70, *rev'd on other grounds*, ── U.S. ──, 107 S.Ct. 2095, 95 L.Ed.2d 697.

■ The record in this case reveals that appellant had received three convictions in

six years for violent and/or handgun-related crimes, including multiple counts of armed robbery and assault with a gun. The record also shows that at the time of his most recent arrest, and while on parole, he was in possession of two handguns, of which at least one was loaded. In light of this record, we can find no reason to set aside the magistrate's conclusion that "based on clear and convincing evidence, ... the defendant indeed poses a substantial risk of danger to the community." Memorandum and Order at 5.

Appellant nevertheless contends that the magistrate provided insufficient support for a finding that no "condition or combination of conditions" would safeguard the community, as required by section 3142(f) as a precondition for pretrial detention. Given the fact that appellant was arrested while on parole, we see no need for the magistrate to elaborate why he concluded that a release subject to one or more of the conditions for release enumerated in section 3142(c)(2) would be futile. Accordingly, we hold that the magistrate's determination of danger to the community under *any* condition was not clearly erroneous. *See Vortis,* 785 F.2d at 329 ("[T]he magistrate's findings are supported by the proceedings below and are not clearly erroneous."). We accordingly defer to his judgment.

### 2. Risk of Flight

If convicted, appellant faced a mandatory sentence of not less than fifteen years without parole because of his prior convictions. The magistrate placed particular stress on this fact in finding that "no condition or combination of conditions ... will *reasonably* assure ... the presence of the defendant at future court proceedings."

> The likelihood of conviction is very high and given the severe mandatory sentence he faces, I believe the potential to flee, rather than to stand trial, is probable and therefore also conclude that the pretrial detention of the defendant is required in order to assure the safety of the community as well as to preclude the risk of

flight to avoid prosecution for these charges.

Memorandum and Order at 5–6.

■ The magistrate's memorandum, however, fails to address a number of counterbalancing factors enumerated in the Act—e.g., "family ties, employment, ... length of residence in the community, community ties, ... and record concerning appearance at court proceedings," section 3142(g)(3)(A)—that are relevant to the assessment of the risk of flight and as to which witnesses for appellant had made significant representations. We are, therefore, unable to determine whether his finding is supported by a preponderance of the evidence. If risk of flight were the only ground for detention, we would remand for further elaboration; but because the magistrate's finding of danger to the community is sufficient to sustain the order, we see no need to do so.

### C. *Due Process*

Two conditions are required to meet the constitutional test for pretrial detention of an individual charged with a criminal offense: legitimacy of the government interest, i.e., substantive due process; and procedural due process. *Salerno,* 107 S.Ct. at 2101; *Schall v. Martin,* 467 U.S. 253, 263–64, 104 S.Ct. 2403, 2409–10, 81 L.Ed.2d 207 (1984). As procedural due process has not been challenged, we limit our discussion to appellant's claim that he has been denied substantive due process.

In upholding the facial constitutionality of the Bail Reform Act, the Supreme Court in *Salerno* held that detention under the Act is designed as "a potential solution to a pressing societal problem," 107 S.Ct. at 2101, and concluded that "pretrial detention contemplated by the Bail Reform Act is regulatory in nature, and does not constitute punishment before trial in violation of the Due Process Clause." *Id.* at 2102.

Courts commonly agree that detention based on risk of flight "is a valid regulatory device" because it "serves the principles of [our constitutional] system by guaranteeing that the defendant will stand trial and, if convicted, face punishment." *Unit-*

ed States v. Melendez-Carrion, 790 F.2d 984, 1002 (2d Cir.1986), citing Bell v. Wolfish, 441 U.S. 520, 534, 99 S.Ct. 1861, 1871, 60 L.Ed.2d 447 (1979); see Salerno, 107 S.Ct. at 2102. The Supreme Court's decision in Salerno resolves the same issue with respect to detention on a finding that the release of a particular individual pending trial may pose a danger to the community: "There is no doubt that preventing danger to the community is a legitimate regulatory goal." 107 S.Ct. at 2101. Furthermore,

> [w]hile the government's general interest in preventing crime is compelling, even this interest is heightened when the government musters convincing proof that the arrestee, already indicted or held to answer for a serious crime, presents a demonstrable danger to the community. Under these narrow circumstances, society's interest in crime prevention is at its greatest.

Id. at 2103.

█ These "narrow circumstances" are fully met in the case before us. Appellant has a record of conviction for predatory crimes; he was arrested while in possession of two handguns; and after a hearing in which he was given full benefit of the ample procedural safeguards provided by the Act (see id. at 2098–2103 for discussion of safeguards), appellant was found to present a danger to the community on the basis of evidence we have found to be clear and convincing. We therefore reject appellant's assertion that he has been detained in violation of his right to substantive due process.

### III. CONCLUSION

The magistrate's decision to detain Charles Simpkins because he posed a danger to the community was supported by clear and convincing evidence and was not clearly erroneous. Because this is a sufficient ground for pretrial detention, we do not decide the adequacy of the magistrate's finding of a likelihood of flight. In light of the Supreme Court's decision in Salerno, we reject appellant's claim that he has been denied substantive due process. We there-fore affirm the district judge's denial of appellant's motion to review the magistrate's pretrial detention order.

*So ordered.*