851 F.2d 1501
 271 U.S.App.D.C. 274
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Kenroy Roy LAING, Appellant.
 No. 88-3046.
 United States Court of Appeals, District of Columbia Circuit.
 June 8, 1988.
 
 Before MIKVA, EDWARDS and WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED by the court that the district court's Memorandum and Order filed March 25, 1988, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely request for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 This expedited appeal emanated from a pretrial detention order imposed by the Magistrate on February 29, 1988 and upheld, following de novo review, by the district court on March 25, 1988. For the reasons stated below, we affirm the decision of the district court that appellant Laing should be denied any condition of pretrial release.
 
 
 5
 Based on the totality of the circumstances, on February 26, 1988, the police arrested appellant Laing and found eighty-nine bags of rock base cocaine ("crack") and $116 in cash in his possession. Appellant was subsequently charged with possession of more than fifty grams of "crack," in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(A)(iii), an offense which carries with it a term of imprisonment of ten years or more.
 
 
 6
 The Magistrate found probable cause that Laing had committed the felony with which he was charged. The Magistrate concluded that the evidence adduced, as it pertained to Laing's dangerousness and risk of flight, warranted his pretrial detention. The district court subsequently determined that there was clear and convincing evidence that Laing poses a danger to the community (see United States v. Alatishe, 768 F.2d 364, 360 (D.C.Cir.1985)) and that, by a preponderance of the evidence, Laing's appearance at trial could not be assured (see United States v. Vortis, 785 F.2d 327, 328 (D.C.Cir.), cert. denied, 107 S.Ct. 148 (1986)). See United States v. Simpkins, 826 F.2d 94 (1987).
 
 
 7
 As the weight of the evidence amply supports the denial of pretrial release in this case, "[u]nder any standard of review, we would affirm the detention order...." Simpkins, 826 F.2d at 96; Vortis, 785 F.2d at 329.