861 F.2d 303
 274 U.S.App.D.C. 70
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Laura WHITEHORN, Appellant.
 No. 88-3095.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 12, 1988.
 
 Before WALD, Chief Judge and HARRY T. EDWARDS and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on memoranda filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the district court's Order filed July 1, 1988, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely request for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 This expedited appeal emanated from a pretrial detention order issued by the district court on July 1, 1988. For the following reasons, we affirm the district court's decision to deny Laura Whitehorn pretrial release.
 
 
 5
 Because her first appearance before the district court was on May 25, 1988, and the detention hearing was deferred until July 1, Whitehorn contends that the district court lacked jurisdiction to order pretrial detention. See 18 U.S.C. Sec. 3142(f) (continuance may not exceed five days without good cause). We find, however, that this delay did not prejudice Whitehorn. See United States v. King, 818 F.2d 112 (1st Cir.1987).
 
 
 6
 In King, the court was faced with a challenge to the time requirements of 18 U.S.C. Sec. 3142, similar to that raised by Whitehorn. The First Circuit determined that the primary objective of the statute is to ensure that a defendant is not unfairly detained without a prompt hearing. Id. at 114. The court observed that section 3142(f)'s timing requirements sought to protect against the harm resulting from "an accused being denied his liberty through incarceration without the procedural protection of a hearing to determine the propriety of detention." Id. at 115. Thus, the court concluded that where a defendant is properly incarcerated elsewhere on unrelated charges, is not subject to release into the community, and acquiesces to postponement of the hearing, it is proper to delay the pretrial detention hearing until his release from prison is imminent. Id.
 
 
 7
 Not unlike the events in King, Whitehorn was detained without bond in Maryland on unrelated charges. At the arraignment, Whitehorn's counsel moved to continue the hearing to May 31, 1988. The district court issued an order on May 26, repeating that the hearing would be on May 31, "unless the defendant should elect, consistent with her representations in open court, to defer consideration of this matter until the expiration of her pretrial detention [in Maryland] or the entry of appearance of permanent counsel...." Government's Memorandum, Appendix A at 1-2. On the same day, Whitehorn's arraignment counsel advised the court orally and later in writing that Whitehorn would prefer to defer the pretrial detention hearing until permanent counsel had entered an appearance. Transcript ("Tr.") 9-10.
 
 
 8
 At the detention hearing, the district court gave practical consideration to Whitehorn's incarceration along with defense counsel's request for postponement for appointment of permanent counsel. See Government's Memorandum, Appendix A at 2 (the district court noted that at arraignment, appellant had voiced a desire to "defer consideration of this matter until the expiration of her pretrial detention or the entry of appearance of permanent counsel in this action"). Thus, in light of Whitehorn's pre-trial detention in Maryland and counsel's request for postponement, any error in failing to comply with section 3142(f)'s timing mechanism was harmless and, in any event, constituted "good cause." See United States v. Al-Azzawy, 768 F.2d 1141 (9th Cir.1985) (to establish good cause one must show that "no other lawyer is available to handle an earlier hearing, that the time is in fact necessary for preparation, or of some other valid reason clearly set forth in the record"). Therefore, we find that the postponement of the hearing neither prejudiced Whitehorn nor violated the Bail Reform Act's timing provisions.
 
 
 9
 Whitehorn also argues that the district court erred in finding that the evidence adduced at the hearing failed to establish the risk of flight by a preponderance of the evidence.[1] See Vortis, 785 F.2d at 328. We disagree.[2]
 
 
 10
 The testimony of Whitehorn's attempted escapes, her 1986 conviction for making a false statement in an application for a United States passport, her detention in Maryland on serious charges of assault and possession of false identification documents as well as possession of an Uzi, and consideration of the seriousness of the indictment against her,[3] provide sufficient evidence to support the district court's conclusion that Whitehorn posed a serious risk of flight and that no condition or combination of conditions would reasonably assure her appearance at trial. Moreover, we again note the lack of any prejudice to Whitehorn due to her pre-trial detention in Maryland and the district court's stated willingness to reconsider its detention order upon termination of her Maryland detention. Tr. 60. Therefore, we affirm the district court's finding as to the risk of flight.
 
 
 11
 We also find that the detention order is neither defective, nor unconstitutional. It is not defective for two reasons: (1) the district court did make an express finding "that no condition or combination of conditions will reasonably assure her appearance as required....," Government's Memorandum, Appendix C at 1; and (2) the district court's consideration of all the pertinent factors is implicit in its order. See United States v. Coonan, 826 F.2d 1180, 1186 (2d Cir.1987); cf. United States v. Jackson, 823 F.2d 4, 6 (2d Cir.1987) (while the district court failed to make findings and to explicitly consider possible conditions of release, "such failure is not necessarily reversible error if the record clearly supports the district court's ultimate conclusions").
 
 
 12
 In addition, after balancing the appropriate factors, see United States v. Gonzales Claudio, 806 F.2d 334, 343 (2d Cir.1986), we find that the detention order is not punitive and therefore, meets constitutional muster.
 
 
 
 [1]
 Additionally, Whitehorn argues that there is insufficient evidence to support a finding of dangerousness. The government concedes that the district court's order does not contain specific findings regarding Whitehorn's dangerousness. Nevertheless, pretrial detention may be premised upon dangerousness or the likelihood of flight. Vortis, 785 F.2d 327, 328 (D.C.Cir.), cert. denied, 479 U.S. 841 (1986); U.S. v. Simpkins, 826 F.2d 94, 97 (D.C.Cir.1987)
 
 
 [2]
 Both sides urge the court to adopt the more favorable standard of review for their opposing positions, i.e., Whitehorn advocates adoption of the "independent review" standard, see United States v. Delker, 757 F.2d 1390, 1399-1400 (3d Cir.1985), while the government promotes the "clearly erroneous" standard, see United States v. Shakur, 817 F.2d 189, 199 (2d Cir.), cert. denied, 108 S.Ct. 128 (1987). We see no need to accommodate the parties since under either standard of review the weight of the evidence supports the detention order
 
 
 [3]
 While the district court did not expressly state this as a factor, one can glean this from the transcript. Tr. 28-30; see United States v. Peralta, 849 F.2d 625, 626 (D.C.Cir.1988) ("transcription of a detention hearing, if it evinces a clear and legally sufficient basis for the court's determination, will satisfy the requirement's of section 3142(i)")