865 F.2d 1330
 275 U.S.App.D.C. 231
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Eugene CARTER, Appellant.
 No. 88-3162.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 30, 1988.
 
 Before STARR, STEPHEN F. WILLIAMS and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record and on the briefs filed by the parties on appeal from the United States District Court for the District of Columbia. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the district court's order filed October 27, 1988, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely request for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 On October 11, 1988, Eugene Carter was charged with possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of phencyclidine (PCP), in violation of 21 U.S.C. Secs. 841(a) and (b)(1)(B)(iv). On October 12, 1988, after a hearing under 18 U.S.C. Sec. 3142(f), United States Magistrate Deborah A. Robinson found by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community from further drug distribution should Carter be released pretrial. Carter was therefore ordered detained pending trial pursuant to 18 U.S.C. Sec. 3142(e). On October 27, 1988, following de novo consideration of the evidence and additional argument, the district court affirmed the detention order for the reasons stated in the magistrate's memorandum. This appeal followed. We affirm.
 
 
 5
 Carter contends that the district court misapplied the statutory presumption of dangerousness. Carter asserts that he is entitled to release pending trial, since he has lived in the District of Columbia for a number of years; there is no evidence of likelihood of flight; and neither drugs nor money were seized from appellant's person. Upon review of the record, however, we conclude that Carter did not rebut the statutory presumption. See United States v. Alatishe, 768 F.2d 364, 371 (D.C.Cir.1985) (presumption imposes a burden on defendant to offer some credible testimony contrary to the statutory presumption); United States v. Jessup, 757 F.2d 378, 389 (1st Cir.1985).
 
 
 6
 The magistrate found that the evidence against appellant, taken as a whole, was "particularly compelling." Carter's name was on the lease to the apartment in which a large quantity of drugs were found; mail addressed to appellant was located in the apartment; and Carter told the arresting officers that the apartment was his. In addition, the odor of PCP emanated from the apartment, and two people were arrested as they departed the residence carrying a quantity of PCP and marijuana. Finally, the apartment contained few items other than the drugs and containers seized, leading the magistrate to conclude that the apartment was principally used for the distribution of PCP. It is clear from the magistrate's memorandum that she properly considered the factors enumerated in 18 U.S.C. Sec. 3142(g), and correctly concluded that no condition or combination of conditions would reasonably assure the safety of the community.
 
 
 7
 Accordingly, we are in accord with the district court's conclusion that the magistrate's findings are fully supported by the record, and we therefore affirm the detention order in this case. See United States v. Vortis, 785 F.2d 327 (D.C.Cir.1986) (per curiam), cert. denied, 479 U.S. 841 (1986).