868 F.2d 458
 276 U.S.App.D.C. 129
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Terra GANDY, Appellant.
 No. 88-3184.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 23, 1989.
 
 Before MIKVA, RUTH B. GINSBURG and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on papers filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed December 23, 1988, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 On December 7, 1988, Terra Gandy was charged with possession with intent to distribute approximately 100 grams of cocaine in violation of 21 U.S.C. Secs. 841(a) and (b)(1)(A)(iii). Five days later, a detention hearing was held. The magistrate concluded that probable cause existed that Ms. Gandy had committed the offense charged and that no condition or combination of conditions would reasonably assure the safety of the community from further drug distribution by her if she were released pending trial. As a result, Gandy was ordered detained pursuant to 18 U.S.C. Sec. 3142(e). After adopting the magistrate's factual and probable cause findings, and reviewing the evidence de novo, the district court denied appellant's motion for revocation of the detention order. We affirm the district court's decision to deny Gandy pretrial release.
 
 
 5
 Gandy contends on appeal that undue emphasis was placed on the amount of beeper numbers listed in her telephone diary. She argues that since she has no criminal record and Pretrial Services recommended her release, her request for pretrial release should have been granted. Upon review of the record, however, we conclude that Gandy has failed to rebut the presumption raised as to her dangerousness to the community if she were released. See United States v. Alatishe, 768 F.2d 364, 371 (D.C.Cir.1985) (presumption places burden on defendant to offer some credible testimony to the contrary). Both the magistrate and the district court considered factors other than the beeper numbers. These factors, taken as a whole, weigh heavily against the release of appellant. In particular, contrary to appellant's contention, the district court stated that the beeper numbers were not the issue, but rather the quantity of cocaine found in appellant's possession. Transcript filed December 21, 1988 at 7. The quantity of cocaine found in Gandy's possession itself weighs heavily against her release and supports the presumption of dangerousness to the community. In any event, the findings of both the district court and the magistrate are amply supported by the evidence and are not clearly erroneous. See United States v. Simpkins, 826 F.2d 94, 97 (D.C.Cir.1987); United States v. Vortis, 785 F.2d 327, 329 (D.C.Cir.) (per curiam), cert. denied, 107 S.Ct. 148 (1986). Accordingly, we affirm the district court's order denying appellant's motion for revocation of the detention order.