871 F.2d 1149
 276 U.S.App.D.C. 409
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Omar THOMAS, Appellant.
 No. 89-3019.
 United States Court of Appeals, District of Columbia Circuit.
 March 15, 1989.
 
 Before MIKVA, RUTH B. GINSBURG and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the papers filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the district court's order filed January 30, 1989, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15.
 
 MEMORANDUM
 
 4
 On January 10, 1989, Omar Thomas was charged with conspiracy to possess with intent to distribute eighteen kilograms of cocaine in violation of 21 U.S.C. Secs. 841(a) and 846. A detention hearing was held on January 12, 1989. The magistrate concluded that there was probable cause to believe that Mr. Thomas had committed the offense charged and that no condition or combination of conditions of confinement would reasonably assure the safety of the community. As a result, Thomas was ordered detained pursuant to 18 U.S.C. Sec. 3142(e). Following de novo review, the district court denied Thomas' motion for revocation of the detention order. We affirm the district court's decision to deny Thomas pretrial release.
 
 
 5
 Thomas contends on appeal that there is no danger of flight and that his release does not represent a danger to the community. In support of his claim that he presents no danger to the community, Thomas states that he is not charged with the sale of drugs nor were drugs found in his possession at the time of his arrest. His only involvement, Thomas claims, is his "mere presence" at the time and place of a drug sale, and at the time and place of his arrest.
 
 
 6
 Our review of the record, however, satisfies us that Thomas has failed to rebut the presumption raised as to his dangerousness to the community if released. See United States v. Alatishe, 768 F.2d 364, 371 (D.C.Cir.1985) (presumption places burden on defendant to offer credible evidence to the contrary). Thomas' claim of "mere presence" is unconvincing. A defendant does not have to be arrested with drugs in his possession to pose a threat to the community. Not only the drugs themselves, but those who engage in trafficking pose a threat to the community. In addition, as the magistrate found, Thomas along with several of his co-defendants threatened to kill two confidential government informants. Thomas himself personally threatened and interrogated one of those two confidential government informants. Therefore, the potential threat to the safety of the community as a whole and the threat to the individual government agents support the district court's presumption of dangerousness. In sum, the findings of both the district court and the magistrate are amply supported by the evidence and are not clearly erroneous. See United States v. Simpkins, 826 F.2d 94, 97 (D.C.Cir.1987); United States v. Vortis, 785 F.2d 327, 329 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 841 (1986). Accordingly, we affirm the district court's order denying appellant's motion for revocation of the detention order.