871 F.2d 155
 276 U.S.App.D.C. 358
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Calvin Lloyd THOMAS, Appellant.
 No. 89-3033.
 United States Court of Appeals, District of Columbia Circuit.
 April 5, 1989.
 
 Before WALD, Chief Judge, and SPOTTSWOOD W. ROBINSON, III and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on papers filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's Memorandum and Order filed January 13, 1989, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely request for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 On December 20, 1988, the police arrested appellant Thomas after entering an apartment to execute a bench warrant and finding a total of seventy-three bags of rock based cocaine and $3,120.00 in cash in the apartment. Appellant was subsequently charged with conspiracy to distribute and to possess with intent to distribute over 50 grams of cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(A); possession with intent to distribute over 50 grams of cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(A)(iii); and carrying a firearm during a trafficking crime in violation of 18 U.S.C. Sec. 924(c). These offenses carry a maximum term of imprisonment of ten years or more under 21 U.S.C. Secs. 841(a) and 846.
 
 
 5
 On December 22, 1988, after a hearing under 18 U.S.C. Sec. 3142(f), the magistrate found probable cause that Thomas had committed the offense charged and that no condition or combination of conditions would reasonably assure the safety of the community, or the presence of Thomas at trial. As a result, Thomas was ordered detained pursuant to 18 U.S.C. Sec. 3142(e). On January 13, 1989, after a status hearing, the district court denied appellant's motion for revocation of the detention order.
 
 
 6
 On appeal, Thomas contends that the district court incorrectly based "its decision regarding danger to the community solely on the activity for which he was arrested." Upon review of the record, we conclude that the district court did not base its decision solely on the charges in the indictment. The district court considered all four factors in 18 U.S.C. Sec. 3142(g). It considered the nature and circumstances of the offense charged, Thomas' character and history, the evidence against him as well as the seriousness of the offense charged and the danger he poses to the community. It also considered all the "new" information presented by Thomas in his motion to vacate the pretrial detention order.
 
 
 7
 The findings of both the district court and the magistrate are amply supported by the evidence and are not clearly erroneous. See United States v. Simpkins, 826 F.2d at 94, 96 (D.C.Cir.1987); United States v. Vortis, 785 F.2d 327, 329 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 841 (1986). Accordingly, we affirm.