903 F.2d 844
 284 U.S.App.D.C. 226
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Walter MARSH, Petitioner,
v.
The GEORGE HYMAN CONSTRUCTION CO., et al., Respondents.
 No. 89-1210.
 United States Court of Appeals, District of Columbia Circuit.
 June 4, 1990.
 
 Before MIKVA and D.H. GINSBURG, Circuit Judges, and GERHARD A. GESELL, District Judge.*
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on petition for review of an order of the Benefits Review Board, United States Department of Labor, and the briefs filed by the parties. See D.C.Cir.Rule 13(i). The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the petition for review is denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Petitioner, Walter Marsh ("Marsh"), a bricklayer for the George Hyman Construction Co. ("Hyman"), became partially disabled in an accident on the job. As a result, Marsh could no longer lay bricks, and he declined Hyman's substitute offer to let him work as a gate guard for $5/hour. Marsh sought disability compensation for his lost wages as a bricklayer under the Longshoreman's and Harbor Workers' Compensation Act, 33 U.S.C. 901 et seq. (1982) (as extended by the District of Columbia Workmen's Compensation Act, 36 D.C.Code 501-502).
 
 
 5
 An Administrative Law Judge found that Marsh was entitled to compensation but that his award should be reduced by the amount that he was capable of earning as a gate guard. The ALJ found that the job offered by Hyman was bona fide, but concluded that the proffered wage of $5/hour was artificially high. Accordingly, he reduced Marsh's constructive wage to $3/hour. The Benefits Review Board reversed the ALJ's decision to disallow a portion of the guard wage on the ground that the reasonableness of the wage is irrelevant once the ALJ determines that a job alternative is bona fide.
 
 
 6
 The sole issue raised by Marsh's petition is whether the Board erred in reversing the ALJ's decision to set Marsh's wage-earning capacity below the rate offered in a bona fide job. The Longshoreman's and Harbor Workers' Compensation Act grants the Worker's Compensation Board substantial discretion to set compensation rates for injured employees "as shall be reasonable." 33 U.S.C. Sec. 908(h). Generally, this entails providing the employee with two-thirds of the difference between his pre-disability wage and the amount that he can continue to earn after his injury.
 
 
 7
 In estimating an employee's wage-earning capacity, the ALJ is directed " 'to determine the wage that would have been paid in the open labor market under normal employment conditions to claimant as injured.' " Randall v. Comfort Control, Inc., 725 F.2d 791 (D.C.Cir.1989). In Randall, we held that it was appropriate for the ALJ to evaluate whether an employer's proffered wage was, in fact, reasonable, where that wage equalled or exceeded the employee's pre-disability wage. In that situation, we noted, the employer could avoid liability altogether by inflating the post-disability wage to conceal an actual reduction in the employee's earning capacity and then wait until after the Board's denial of compensation before reducing the wage. Id. at 795.
 
 
 8
 Here, however, no such danger exists. The wage offered to Marsh was below his pre-employment wage, and thus he remained eligible for a workman's compensation award. If Marsh had accepted the job offer and Hyman had subsequently reduced his wage or withdrawn the job offer, the Act would have entitled him to petition the ALJ to modify the award of compensation. 33 U.S.C. Sec. 922. That right could have been invoked at any time within a year after the last payment of compensation. Id. Thus, at least for the period during which the bona fide job was available, the Board properly held that the offered wage conclusively established Marsh's wage-earning capacity. That Marsh chose not to accept a job found suitable by the ALJ does not affect this analysis.
 
 
 9
 The Board did not abuse its discretion by holding that the wage offered to Marsh is reasonable as a matter of law. If, at some point in the future, Marsh introduces evidence that his condition or termination of the job would require him to accept a lower wage, then the ALJ may be entitled to increase Marsh's compensation award at that point. We affirm.
 
 
 
 *
 The Honorable Gerhard A. Gesell of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. Sec. 292(a) (1982)