903 F.2d 844
 284 U.S.App.D.C. 226
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Melvin WILLIAMS, Appellant.
 No. 90-3070.
 United States Court of Appeals, District of Columbia Circuit.
 June 4, 1990.
 
 Before MIKVA, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the papers filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the district court's order filed March 12, 1990 be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 On March 2, 1990, Melvin J. Williams was charged by indictment with one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846 and one count of distribution of cocaine in violation of 21 U.S.C. Sec. 841(a). A detention hearing was held on March 12, 1990. The district court concluded that there was probable cause to believe that Williams had committed the offense charged and that no condition or combination of conditions of confinement would reasonably assure the safety of the community. As a result, Williams was ordered detained pursuant to 18 U.S.C. Sec. 3142(e). We affirm the district court's decision to deny Williams pretrial release.
 
 
 5
 Williams contends on appeal that the district court erred in finding probable cause based solely on the return of the indictment by the grand jury. Courts of appeals, however, have uniformly held that a judicial officer may rely on a grand jury indictment to establish probable cause for the purposes of triggering the rebuttable presumption of section 3142(e). See United States v. Vargas, 804 F.2d 157, 163 (1st Cir.1986); United States v. Suppa, 799 F.2d 115, 118-19 (3d Cir.1986); United States v. Dominguez, 783 F.2d 702, 706 n. 7 (7th Cir.1986); United States v. Hurtado, 779 F.2d 1467, 1477-79 (11th Cir.1985); United States v. Contreras, 776 F.2d 51 (2d Cir.1985); United States v. Hazime, 762 F.2d 34, 37 (6th Cir.1985); see also United States v. Mosuro, 648 F.Supp. 316, 318 (D.D.C.1986). To require an independent finding of probable cause apart from those of the grand jury for purposes of section 3142(e) would be a waste of judicial resources. United States v. Contreras, 776 F.2d at 53-54. Moreover, the evidence of record amply supports the finding.
 
 
 6
 Appellant also claims that there is no danger of flight and that his release does not represent a danger to the community. These claims are unconvincing. In support of his claim that he presents no danger to the community, Williams states that he presented evidence of employment, that he is a lifelong resident of this city and that he had steady employment for two months prior to his arrest. The district court however discounted both of these claims noting evidence to the contrary regarding the close extended family and finding the non-paying fulltime position "largely of forensic origins."
 
 
 7
 Our review of the record also satisfies us that Williams has failed to rebut the presumption raised as to his dangerousness to the community if released. See United States v. Alatishe, 768 F.2d 364, 371 (D.C.Cir.1985) (presumption places burden on defendant to offer credible evidence to the contrary). The record shows that Williams was on probation from an earlier misdemeanor drug offense when this conspiracy allegedly took place. Williams' claim that he should not be detained since all the Government presented was evidence that he is a "run-of-the-mill indictee in a small-time case" is unconvincing. A defendant does not have to be arrested for distribution of large quantities of drugs over extended periods of time to pose a threat to the community. Not only the quantity of drugs themselves, but also those who engage in trafficking pose a threat to the community. Therefore, the potential threat to the safety of the community as a whole supports the district court's presumption of dangerousness. In sum, the findings of the district court are amply supported by the evidence and are not clearly erroneous. See United States v. Simpkins, 826 F.2d 94, 97 (D.C.Cir.1987); United States v. Vortis, 785 F.2d 327, 329 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 841 (1986). Accordingly, we affirm the district court's order denying appellant's motion for revocation of the detention order.