928 F.2d 467
 289 U.S.App.D.C. 55
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Cornelio CABRERA-BAEZ, Appellant.
 No. 91-3007.
 United States Court of Appeals, District of Columbia Circuit.
 March 20, 1991.
 
 Appeal from the United States District Court for the District of Columbia, Cr. No. 90-00449-05; Harris, J.
 D.D.C.
 AFFIRMED.
 Before D.H. GINSBURG, SENTELLE and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record on appeal from the United States District Court for the District of Columbia and on the memoranda filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed December 20, 1991, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 A federal magistrate ordered Cornelio Cabrera-Baez detained pretrial, and the detention order was affirmed by the district court. On appeal from the denial of pretrial release, Cabrera-Baez recognizes that he has been charged with an offense that triggers a statutory rebuttable presumption in favor of pretrial detention once probable cause is established. See 18 U.S.C. Sec. 3142(e). He further concedes that co-defendant Miguel Profeta's statement implicating him as a major supplier of narcotics is sufficient to support a finding of probable cause as to the charged drug distribution conspiracy. Cabrera-Baez maintains, however, that by virtue of the other factors to be considered in determining whether pretrial release is appropriate, he has successfully rebutted the statutory presumption. See 18 U.S.C. Sec. 3142(g).
 
 
 5
 Cabrera-Baez acknowledges that he is charged with a serious narcotics offense involving distribution of a large quantity of crack cocaine. He argues that the government's case against him is weak, however, because the only evidence offered on the charged offense was the statement of Profeta, who had a strong incentive to lie. Cabrera-Baez also contends that Profeta has recanted his statement implicating Cabrera-Baez, and appended to his reply brief an undated signed written statement in Spanish, alleged to have been prepared by Profeta, which totally exonerates Cabrera-Baez, as well as his co-defendants, from any involvement in the drug distribution scheme. Because this statement was never presented to the district court, however, it is not properly before this court on appeal from the pretrial detention ruling.[1] See Fed.R.App.P. 10(a) (record on appeal consists of evidence presented to the district court). As noted in the magistrate's detention order, moreover, Profeta's implication of Cabrera-Baez in the charged offense was bolstered by the discovery of drugs, ammunition, and drug distribution paraphernalia during the post-arrest consensual search of his apartment.
 
 
 6
 Cabrera-Baez's other arguments in favor of pretrial release are unpersuasive. He points to his lack of a criminal record, his cooperation with police upon arrest, his residence in the United States for nearly a decade, the presence of several relatives in this country, and his forthrightness in admitting recent drug use during his interview with the representative from pretrial services. Cabrera-Baez's cooperation with police in consenting to the search of his residence, however, is heavily outweighed by the significance of the contraband discovered there. Similarly, the honesty displayed in his candid admission to the pretrial services counselor that he had used cocaine within the previous week is of less weight than the admitted fact of his recent drug use.
 
 
 7
 The pretrial services report indicates that Cabrera-Baez has lived in the D.C. area "off and on" for only two years, and at his current address for only a year. He is a citizen of the Dominican Republic, and had returned to the United States from a visit there only two weeks before his arrest. His employment was unverified, and the two references he provided, identified by first name only, were unreachable. While four relatives--a sister, an aunt, a cousin, and an adopted brother--appeared at a pretrial detention hearing, only the adopted brother lives in D.C., and he resides with Cabrera-Baez in the apartment where drugs were found. The other relatives, from Boston, New Jersey, and New York, had not seen Cabrera-Baez for several months.
 
 
 8
 Based on the record before it, the district court properly determined that no condition or combination of conditions could reasonably assure Cabrera-Baez's appearance as required and the safety of the community. See 18 U.S.C. Sec. 3142(e); United States v. Simpkins, 826 F.2d 94, 96 (D.C.Cir.1987) (declining to adopt standard of review for pretrial detention, but holding determination of whether release will endanger community to be a question of fact to be sustained unless clearly erroneous).
 
 
 
 [1]
 In the reply brief, filed January 29, 1991, counsel represents that Profeta's recantation had "been sitting in counsel's file for the last two months." See reply brief at 1. Counsel provides no explanation as to why she neglected to present such apparently significant evidence to the district court while the motion for reconsideration of pretrial release was pending