**No. 23-3026**                                              **September Term, 2022**

**1:23-cr-00005-APM-1**

**Filed On:** May 17, 2023

United States of America,

        Appellee

    v.

Eric Christie,

        Appellant

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Millett, Pillard, and Rao, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36.  It is

**ORDERED AND ADJUDGED** that the district court's February 17, 2023 order denying appellant's motion for revocation of the pretrial detention order be affirmed. Appellant has not demonstrated that the district court clearly erred by finding that no condition or combination of conditions of release would reasonably assure his appearance as required.  See United States v. Hale-Cusanelli, 3 F.4th 449, 454–55 (D.C. Cir. 2021).  The district court did not err by relying on evidence of appellant's dangerousness when determining that he is a flight risk.  Indeed, as part of its flight-risk analysis, the district court was required to assess the danger posed by appellant's release.  See 18 U.S.C. § 3142(g); United States v. Vasquez-Benitez, 919 F.3d 546, 550–51 (D.C. Cir. 2019) (analyzing each of the § 3142(g) factors, including the nature and seriousness of the danger posed, when determining whether the defendant was a flight risk).  And appellant has not shown that the district court clearly erred by concluding that his three encounters with law enforcement in 2022 demonstrated a pattern of unwillingness to comply with law enforcement and that he poses a danger to others.  See Hale-Cusanelli, 3 F.4th at 455 ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks and alteration omitted)).

Although the district court did not explicitly find that appellant was eligible for pretrial detention under 18 U.S.C. § 3142(f)(2)(A), the district court did find by a preponderance of the evidence that appellant is a flight risk under 18 U.S.C. § 3142(e). Because "[t]he decision whether to hold a hearing occurs based on even less information than [the ultimate] decision to detain or release," United States v. Singleton, 182 F.3d 7, 12 (D.C. Cir. 1999), the district court's ultimate conclusion that the government satisfied the preponderance-of-the-evidence burden for risk of flight necessarily means that there was sufficient evidence to hold a detention hearing in the first place.

Finally, given that the district court did not clearly err by finding that no condition or combination of conditions would reasonably assure the appearance of appellant as required, the district court was not required to make further specific findings on the record with respect to the likely effectiveness of the release conditions proposed by appellant. See, e.g., United States v. Quaglin, 851 F. App'x 218, 219 (D.C. Cir. 2021) (per curiam).

Because appellant has shown no clear error with respect to the district court's conclusion that he is a flight risk, we need not consider whether the district court applied the wrong standard when also concluding that appellant is a danger to others. See United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987).

Pursuant to D.C. Cir. Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk