**UNITED STATES of America, Appellee,**

v.

**Carlos PERALTA, a/k/a Jose Matos, Appellant.**

**No. 88–3074.**

United States Court of Appeals, District of Columbia Circuit.

June 7, 1988.

Jay B. Stephens, U.S. Atty., Michael W. Farrell, Asst. U.S. Atty., Dept. of Justice, Washington, D.C., for appellee.

Keith Winston Watters, Washington, D.C., for appellant.

Before MIKVA, EDWARDS and WILLIAMS, Circuit Judges.

PER CURIAM:

Appellant Carlos Peralta, also known as Jose Matos, was arrested on February 3,

1988, at Union Station in Washington, D.C., allegedly with 1 kilogram of cocaine and $1000 cash in his possession. He was later charged with violating the Controlled Substance Act, 21 U.S.C. § 841 (1982 & Supp. II 1984). A detention hearing was held before a magistrate, and he was released pending trial on a $25,000 unsecured bond under certain conditions. *See* Bail Reform Act, 18 U.S.C. § 3142(f) (Supp. II 1984). At the March 11 arraignment, the district court continued the release order on the existing bond.

After ruling against Peralta at a May 6 suppression hearing, the district court revoked the bond and ordered Peralta detained. The district judge reasoned that Peralta, a New York City street vendor and citizen of the Dominican Republic, where his wife and infant child reside, might be more inclined to flee following the adverse evidentiary ruling. He also cited the potential threat to the community from repeated cocaine possession or sale. When entering the detention order, the district judge did not include written findings of fact and a written statement of reasons for the detention. *Id.* § 3142(i); Fed.R.App.P. 9(a) (requiring district court to state in writing the reasons for action taken at detention hearing). Instead, the reasons for detaining Peralta are contained in the transcription of the May 6 suppression hearing.

Peralta appeals the detention order, asserting that he is entitled to immediate release because the procedural requirements of section 3142(i) were not met. He also argues that the reopening of the detention hearing was impermissible. The government moves for remand to the district court for written findings of fact and a written statement of reasons as required by section 3142(i), which Peralta opposes.

■ As an initial matter, we determine that the transcription of a detention hearing, if it evinces a clear and legally sufficient basis for the court's determination, will satisfy the requirements of section 3142(i). In reaching this conclusion, we fully acknowledge the mandatory nature of section 3142(i) and Rule 9. *See United States v. Salerno,* — U.S. —, 107 S.Ct.

2095, 2104, 95 L.Ed.2d 697 (1987) (finding that procedural safeguards, including requirement of written findings and reasons, defeated due process challenge to Bail Reform Act); *Weaver v. United States,* 405 F.2d 353, 354 (D.C.Cir.1968) (per curiam) (noting that written statement required by Fed.R.App.P. 9 is "both out of fairness to the appellant and as an aid to this court in its role in bail administration"). In this case, the transcriptions of the proceedings are sufficiently clear, unconflicting and concise to inform the reviewing court and Peralta of the reasons for the detention. We find no cause to remand when the transcript clearly embodies the district court's findings and reasons for detention. *See United States v. Davis,* 845 F.2d 412, 415 (2d Cir.1988) (holding that section 3148, by analogy to section 3142(i), requires clear record of findings and reasons, which may be embodied in transcript).

■ Turning to the merits of the detention order, we conclude that the district judge acted within the bounds of his authority in detaining Peralta. A preponderance of the evidence supports the finding that his appearance at trial cannot be assured. *See United States v. Vortis,* 785 F.2d 327, 328–29 (D.C.Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 148, 93 L.Ed.2d 89 (1986). The arresting officer's testimony about the amount of cocaine recovered supports, by clear and convincing evidence, the finding that Peralta poses a danger to the community. 18 U.S.C. § 3142(f) (Supp. II 1984); *see United States v. Alatishe,* 768 F.2d 364, 370 (D.C.Cir.1985). Peralta, charged with violating the Controlled Substance Act, failed to rebut the section 3142(e) presumption of dangerousness and likelihood of flight. *See Alatishe,* 768 F.2d at 370–71. Reviewing these findings, we cannot conclude under any standard of review that the district court erred in detaining Peralta. *See United States v. Simpkins,* 826 F.2d 94, 96 (D.C.Cir.1987); *Vortis,* 785 F.2d at 329. Furthermore, the court was authorized to reopen the detention hearing when previously nonexistent, material information was brought to light, namely, the court's adverse ruling at the

suppression hearing, which increased the likelihood of Peralta's conviction. 18 U.S. C. § 3142(f) (Supp. II 1984) (detention hearing may be reopened at any time before trial if material information exists that was unknown at time of hearing). Peralta's challenge fails, and we affirm the district court's order detaining him.