UNITED STATES of America, Plaintiff,

v.

Nafis Omar SHAREEF,
et al., Defendants.

No. 95–40022–01/03–RDR.

United States District Court,
D. Kansas.

Dec. 6, 1995.

Charles D. Dedmon, David J. Phillips, Office of Federal Public Defender, Topeka, KS, for Nafis Omar Shareef.

J. Richard Lake, Holton, KS, for William D. Smith.

Wendell Betts, Topeka, KS, for Joseph Brown.

Michael M. Jackson, Topeka, KS, for Chester Raymond Pitts.

Joseph D. Johnson, Joseph D. Johnson, Chtd., Topeka, KS, for Spergeon Willie Murphy.

F.G. Manzanares, Stephen W. Kessler, Topeka, KS, for Alicia D. Nash.

Joseph Brown, Wichita, KS, for defendants.

Gregory G. Hough, Office of United States Attorney, Topeka, KS, for U.S.

### MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

The facts before the court are as follows. Defendants Nafis Omar Shareef, William D. Smith, Joseph Brown, Chester Raymond Pitts, Spergeon Willie Murphy and Alicia D. Nash were arrested on March 5, 1995, by the Marysville Police in Marysville, Kansas, and detained on state charges related to the events which give rise to the offenses now charged. An information was filed in this court on March 15, 1995, charging the six defendants with three counts of transporting stolen motor vehicles in interstate commerce in violation of 18 U.S.C. § 2312. All appeared for initial proceedings before this magistrate judge on March 16, 1995, at which time the government moved for detention under 18 U.S.C. § 3142(f)(2) on the grounds that there was a serious risk that the defendants would flee. All defendants were further detained pending detention hearings. Detention hearings commenced on March 21, 1995, and were concluded on March 22, 1995. Defendants Shareef, Smith and Brown were detained and remain in custody to the present date. Defendants Nash,[1] Murphy and Pitts were released on conditions.

On March 22, 1995, the grand jury returned an indictment in which all defendants were charged with three counts of transport-

---

1. On November 22, 1995, defendant Nash's release was revoked due to her repetitive use of controlled substances in violation of the terms of her release. She remains in custody. The court found that there was probable cause to believe that this defendant had committed a federal, state or local crime while on release and that the evidence was clear and convincing that she had violated the terms of her release by the posses-

sion and use of controlled substances. The court also found that the defendant was unlikely to abide by any conditions of release and specifically any condition related to the use of controlled substances. The court concluded that there were no conditions which the court could establish which would reasonably assure the safety of the community and others due to her continued use of controlled substances.

ing stolen vehicles in interstate commerce in violation of 18 U.S.C. § 2312. Between April 5, 1995 and April 14, 1995 defendants filed timely motions to suppress all evidence obtained by the Marysville Police on March 5, 1995, on the grounds that it was illegally obtained in violation of their Fourth Amendment rights to be free from unreasonable searches and seizures. On October 25, 1995, U.S. District Judge Richard Rogers issued a Memorandum and Order granting the respective motions to suppress. On November 20, 1995, the government filed an interlocutory appeal challenging the order. The government's attorney has advised the court that all of the evidence against the defendants in the case has been suppressed and that unless the order of Judge Rogers is reversed on appeal, there is insufficient evidence to proceed to trial on the instant charges against any of the defendants.

Defendants Shareef and Smith filed motions for rehearing of the detention orders on October 31, 1995, and November 3, 1995, respectively. Defendant Brown filed a motion to join in the codefendants motions on November 16, 1995. The court held hearings on the motions of Shareef and Smith on November 21, 1995, and on the motion of Brown on November 28, 1995. All motions were taken under advisement. The court is now prepared to rule.

Defendants argue that the court is required to reopen its detention order and to hold new detention hearings under 18 U.S.C. § 3143(c) due to the appeal of the suppression order by the government. Alternatively, defendants argue that the court should reopen the detention hearing under 18 U.S.C. § 3142(f) to consider new evidence not available at the time of the original hearing, i.e., the suppression of all the evidence in the case. Defendants claim that they are entitled to be released on the grounds that further detention would violate their due process rights afforded under the Fifth Amendment to the Constitution.

■ 18 U.S.C. § 3143(c) provides that "[t]he judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title, unless the defendant is otherwise subject to a release or detention order." The appeal in this action is under 18 U.S.C. § 3731. The language of 18 U.S.C. § 3143 would appear to provide that when an appeal is filed by the United States, the court should consider the issue of detention unless the defendant is otherwise subject to a release or detention order. After extensive research, the court is unaware of any cases which construe the effect of the last clause of the sentence. However, the court believes that a logical construction of the provision is that the court is not **required** to conduct a detention hearing when a release or detention order is otherwise in effect. However, when the court does consider detention issues following an appeal by the government, such consideration should be under the provisions of 18 U.S.C. § 3142.

■ Notwithstanding any construction of 18 U.S.C. § 3143(c) and any requirement for a detention hearing which it may impose, the court may reopen any detention hearing under 18 U.S.C. § 3142(f) "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." Suppression of all the evidence in the case is information that may form the basis upon which a detention hearing may be reopened. See *United States v. Peralta*, 849 F.2d 625 (D.C.Cir.1988). Such information clearly was not available at the time of the original hearing. Further, under 18 U.S.C. § 3142(g), the weight of the evidence against the defendants is one of the congressionally mandated factors that the court shall take into account in determining whether the defendants should be detained. Since all of the evidence in the case has been suppressed, the court finds that the detention hearing should be reopened to consider the effect of such order suppressing the evidence on the continued detention of the defendants.

■ The detention hearing must also be reopened for a more fundamental reason,

that being to examine the due process implications of continued detention of defendants. In our society, liberty is the norm. Detention prior to trial is a carefully limited exception. *U.S. v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Prolonged pretrial detention may become excessive and consequently punitive so as to violate the person's right to due process afforded by the Fifth Amendment to the Constitution. *United States v. Theron,* 782 F.2d 1510 (10th Cir.1986); *United States v. Zannino,* 798 F.2d 544 (1st Cir.1986); *United States v. Orena,* 986 F.2d 628 (2d Cir.1993). See also: *U.S. v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Due process violations have been found and defendants ordered released due to their prolonged detention. In *Theron,* the court found that a four-month pretrial detention, without bond, absent trial within the succeeding 30 days, required release. 782 F.2d at 1516. Determinations concerning the due process limitations on pretrial detention require assessment on a case-by-case basis. *United States v. Gonzales Claudio,* 806 F.2d 334 (2d Cir. 1986). Length of detention alone will rarely offend due process. *United States v. Millan,* 4 F.3d 1038 (2d Cir.1993).

█ The Second Circuit has held that in considering the due process implications of a prolonged pretrial detention the court must consider: (i) the length of detention; (ii) the extent of the prosecution's responsibility for the delay of trial; and (iii) the strength of the evidence upon which the detention was based. *Orena,* 986 F.2d at 630. The court cannot find that the Tenth Circuit has addressed this issue, therefore, the court will apply the considerations enumerated by the Second Circuit.

█ The length of detention in this case weighs in favor of release. Defendants Shareef, Smith, and Brown have been detained for almost nine months. By virtue of the government's appeal which will delay the disposition of this matter, defendants may be detained for several more months. The Speedy Trial Act, 18 U.S.C. § 3161, requires that the defendants be tried within seventy days of their initial appearance before a judicial officer of the court in which the charge is

pending, although the Act does provide for certain excludable periods of time, including delay due to interlocutory appeal. 18 U.S.C. § 3161(h)(1)(E). Among the purposes of the Act is to assure that persons are brought to trial without delay which is not of their own making and to minimize the injury which may accrue to a person who has been incarcerated pending trial but subsequently not found guilty of a crime. A period of detention equivalent to that already incurred in this case, without considering future confinement during appeal, could be expected to have a significant effect on a person's ability to reintegrate into society following release. This is a matter to be considered by the court.

The court believes that it is also appropriate to consider the potential terms of imprisonment to which the defendants may be sentenced if ultimately found guilty of the charges as compared to the prospective length of pretrial detention in determining whether the due process rights of a person may be violated. While the court is not prepared to calculate with any degree of precision the possible terms of imprisonment to which these defendants would be subject under the sentencing guidelines, if convicted, the court has determined that it is possible that a range of only 18–24 months may be applicable to defendant Shareef. Defendants Smith and Brown may be subject to terms of imprisonment of 37–46 months. All defendants may be subject to substantially longer periods of incarceration based upon facts not immediately available to the court. Notwithstanding, fundamental fairness requires that defendants, presumed innocent, not be required to serve a major portion of the sentence to which he or she would be subject prior to a determination of guilt.

The court must also consider the length of detention in light of the weight of the evidence against defendants. The trial judge has suppressed **all** of the evidence in the case, therefore, at this time, there is no admissible evidence upon which defendants could be tried. When the evidence against the defendant is strong and conviction is likely, the quantity and quality of the evidence may, in some cases, outweigh the con-

cerns related to the period of detention. However, when the admissibility of all evidence against defendants is questionable, as here, prolonged pretrial detention must be subjected to more careful scrutiny than might otherwise be required. The court must seek to avoid the likelihood that a defendant would be required to serve nearly as long a period of imprisonment through pretrial detention as he would if found guilty of the offense, when it appears to the court that the quantity and/or quality of the evidence is problematic.

■ The court must consider the extent to which the prosecution has been responsible for any delay. The court finds that in this case the prosecution has not been responsible for delay. An appeal by the prosecution alone does not constitute delay by the prosecution for purposes of the court's considerations here. The court has reviewed the history of the case and further finds there is no evidence that defendants have contributed in any material way to the length of their detention.

The final factor for consideration is the strength of the evidence on which the finding of detention was made. Consideration of this factor requires the court to apply the factors set forth in 18 U.S.C. § 3142(g) to each defendant and the basis for detention of that defendant.

■ Defendant Shareef was detained by virtue of the court's finding that there were no conditions which would reasonably assure the safety of the community during the pendency of the action. At the time of the alleged offenses Shareef was on pretrial release and had been charged with theft of an access card and forgery twice within the previous five months. The danger with which the court was concerned was defendant Shareef's continued involvement in criminal conduct of the nature of that underlying the indictment, the use of fraud and forgery to unlawfully obtain possession of property from another. It was obvious to the court that conditions of release established by other courts had not deterred the defendant's conduct. This was the primary factor with which the court was ultimately concerned. The danger was economic.

There was no evidence before the court of physical threat or harm to others or the community. While defendant Shareef has prior felony convictions, the last such conviction was approximately 15 years ago. The court viewed the evidence against the defendant as strong. The defendant had strong ties to the community in which he lived and was residing with his parents prior to the events leading to his arrest. In reevaluating this factor, the court must now consider the trial judge's suppression order. While the evidence adduced against the defendant on March 5, 1995, appears on the surface to be strong, the evidence is inadmissible. There is no evidence at this time upon which the government can obtain a conviction. The government must rely on the Court of Appeals to reverse the trial judge. Considering the lack of any independent evidence other than that suppressed by the trial judge, the court must reconsider the strength of the evidence upon which the decision of detention was made as to this defendant. The weight of the evidence is problematic.

Upon balancing all applicable factors, the length of detention, the lack of defendant's contribution to the delay in trial, the problematic nature of the evidence against the defendant, the risk of danger to the community and the nature of that risk, the court finds that further detention of defendant Shareef would exceed the permissible limits of due process and would become punitive. When balancing the risks to which the community may be subject by virtue of release of defendant Shareef against defendant's rights established by the Due Process Clause, the community's interest must yield to the protections afforded to defendant by the Constitution.

■ The court now turns to consideration of the strength of the evidence upon which the decision to detain defendant Smith was made. Defendant Smith was detained upon the court's findings that there were no conditions which the court could establish which would assure the presence of the defendant as required and the safety of the community. This defendant was also on bond at the time of the alleged offenses. Defendant Smith

has previously been convicted of felonies on five separate occasions. Within the past year, defendant had been charged with false impersonation on at least two occasions. He is known to have used at least 14 aliases previously. He has failed to appear in criminal proceedings on multiple occasions in the past. There was evidence at the detention hearing that en route to court on March 16, 1995, defendant Smith said that if bond was set law enforcement would be out there looking for him again. He was either unable or unwilling to identify where he had lived during the past year. He had no employment during the nine months prior to the events leading to his arrest. The court concluded that the defendant was no more likely to observe this court's order setting conditions of release than he had been such orders entered by other courts. Again, the court considered the evidence against this defendant to be strong. In reevaluating this factor in light of the court's suppression order, as previously stated, the court must consider the evidence against the defendant as problematic. However, as to this defendant, the evidence of flight risk is substantial. The defendant does not have strong community ties, he has used at least 14 aliases, he has failed to appear in other court proceedings and he has expressed an intent not to appear at further proceedings here. The evidence of danger to the community is also significant. He has continued to engage in fraudulent activity notwithstanding that he is on bond on other charges. Within the past year he has been charged with false impersonation on two occasions. The instant charges also involve obtaining possession of vehicles through false documents or identities. Even though the danger to the community is economic only, the probability of such danger is also significant.

Balancing all of the factors, the court finds that further detention as to defendant Smith does not violate his right to due process. Because of the likelihood of flight and of danger to the community, the defendant's right not to be detained for a prolonged pretrial period is outweighed by the public interest in assuring the safety of the community and the defendant's presence for trial.

The court now considers the strength of the evidence upon which the decision to detain defendant Brown was made. Defendant Brown was detained because the court found that there were no conditions which the court could establish which would assure the presence of the defendant as required and the safety of the community. The defendant was on parole at the time of the alleged offenses. He has previously been convicted of at least five felonies and approximately 15 misdemeanors. He has a significant history of drug related offenses. He has been unemployed for ten years and has no significant family or community ties. He has been under court supervision on numerous occasions with several revocations. He has failed to appear in criminal matters as required on several occasions. He has used at least 18 aliases previously. Because of defendant Brown's prior conduct on supervision and the commission of the alleged offense while on parole, the court concluded that defendant was not any more likely to observe the conditions of release established by this court than he had been to observe conditions established by other courts. As with the other defendants, the court considered the evidence against this defendant as strong. In reevaluating this factor in light of the suppression order, the evidence against this defendant is now problematic. However, the risk of flight as to this defendant is substantial. Defendant Brown has no family or community ties, he freely uses aliases, and he has failed to appear in court previously as required. The danger to the community is also significant. The defendant has a significant criminal history. He has been convicted of multiple offenses in almost every year since 1984. He has continued to engage in unlawful activity notwithstanding that he was on parole. His extensive criminal history demonstrates that he is unlikely to conform his conduct to accepted norms and is likely to commit other offenses if released.

Balancing all of the factors, the court finds that further detention as to defendant Brown does not violate his due process rights. Because of the likelihood of flight and of danger to the community, defendant Brown's right not to be detained for a prolonged pretrial period is outweighed by the public's interest

in assuring the safety of the community and the presence of the defendant at trial.

In summary, the court grants the motions of defendants Nafis Omar Shareef and William D. Smith to reopen the detention hearing. (Doc. 227 and 228) The court grants the motion of the defendant Joseph Brown to join in the motions of Shareef and Smith. (Doc. 233) After considering the impact of the order of Judge Rogers and the pending appeal on the evidence previously presented as to defendants Smith and Brown, the court finds that there are no conditions which will reasonably assure the presence of the said defendants and the safety of the community. The latter finding is on clear and convincing evidence. These defendants shall remain in custody and be detained pending appeal. Defendant Shareef shall submit a release plan to the United States Pretrial Service Office for its review no later than December 12, 1995. A hearing on the plan will be held in the United States Magistrate Judge's Courtroom on **December 14, 1995 at 11:00 a.m., 470 U.S. Courthouse, 444 S.E. Quincy, Topeka, Kansas.**

Copies of this order shall be mailed to all counsel of record and unrepresented parties.

IT IS SO ORDERED.