**UNITED STATES of America,**
**Plaintiff,**

v.

**Derrick Jermaine JAY and Dionne Leaquone Baker, Defendants.**

**No. CR 01–326–BR.**

United States District Court,
D. Oregon.

April 10, 2003.

Michael W. Mosman, United States Attorney, Scott Kerin, Assistant United States Attorney, Portland, for Plaintiff.

Steven T. Wax, Federal Public Defender, Nancy Bergeson, Assistant Federal Public Defender, Portland, for Defendant Derrick Jermaine Jay.

Gary B. Bertoni, Bertoni & Todd, Portland, for Defendant Deon Leaquone Baker.

## OPINION AND ORDER

BROWN, District Judge.

This matter comes before the Court on Defendant Deon Leaquone Baker's Motion for Release From Custody (# 93), Derrick Jermaine Jay's Motion for Release Pending Government's Appeal and Defendant's Cross–Appeal (# 96), the government's Motion for Continued Detention (# 98), and the government's Supplemental Motion Regarding Defendants' Continued Detention (# 104).

For the reasons that follow, the Court **DENIES** Defendants' Motions (# 93, # 96), **GRANTS** the government's Motions (# 98, # 104), and orders Defendants to be detained pending appeal.

## BACKGROUND

On August 15, 2001, the government brought a five-count Indictment against Defendants as follows: In Count 1, the government charges Baker as a felon in possession of two firearms on June 22, 2001, in violation of 18 U.S.C. § 922(g)(1); in Count 2, the government charges Jay as a felon in possession of four firearms on June 22, 2001, in violation of 18 U.S.C.

§ 922(g)(1); in Count 3, the government charges both Jay and Baker with possession of cocaine with intent to distribute on June 22, 2001, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c) and 18 U.S.C. § 2; in Count 4, the government charges Jay and Baker with knowingly carrying certain firearms during and in relation to a drug trafficking crime on June 22, 2001, in violation of 18 U.S.C. § 924(c); and in Count 5, the government charges Jay and Baker with knowingly possessing certain firearms in furtherance of a drug trafficking crime on June 22, 2001, in violation of 18 U.S.C. § 924(c).

On January 7, 2003, the Court issued an Opinion and Order granting Defendants' Motions to Suppress and ordered suppression of the bulk of the government's evidence against Defendants.[1] The government thereafter reported it could not proceed to trial without the suppressed evidence and moved to strike the trial date pending its appeal of the Court's January 7, 2003, Opinion and Order pursuant to 18 U.S.C. § 3731. Jay also filed a Notice of Cross–Appeal.

On February 28, 2003, the Court heard oral argument on the pending detention Motions and granted the government's Motion to Strike the trial date. The parties thereafter submitted supplemental memoranda concerning the pending Motions.

### STANDARDS

18 U.S.C. § 3143(c) allows a court to consider release or detention of a defendant pending appeal by the government. The statute provides in part:

> The judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title, unless the

defendant is otherwise subject to a release or detention order.

As noted, the government has taken its appeal pursuant to 18 U.S.C. § 3731.

Section 3142, in turn, provides in part:

**(a) In general.**—Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—

> (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;

> (2) released on a condition or combination of conditions under subsection (c) of this section;

> (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or

> (4) detained under subsection (e) of this section.

**(b) Release on personal recognizance or unsecured appearance bond.**—The judicial officer shall order the pretrial release of the person ... unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.

**(c) Release on conditions.**—(1) If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person-

> (A) subject to the condition that the person not commit a Federal, State,

---

1. The Court set forth the background facts giving rise to this prosecution of Defendants in its January 7, 2003, Opinion and Order and, therefore, will not repeat the facts here.

or local crime during the period of release; and

(B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person—

\*     \*     \*     \*     \*     \*

(e) **Detention.**—If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial. In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that—

(1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;

(2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State, or local offense; and

(3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), the Maritime Drug Law Enforcement Act (46 U.S.C.App.1901 et seq.), or an offense under section 924(c), 956(a), or 2332b of title 18 of the United States Code.

\*     \*     \*     \*     \*     \*

(f) **Detention hearing.**—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—

(1) upon motion of the attorney for the Government, in a case that involves-

(A) a crime of violence;

(B) an offense for which the maximum sentence is life imprisonment or death;

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. § 1901 et seq.); or

(D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A)

through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses....

\*   \*   \*   \*   \*   \*

**(g) Factors to be considered.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

\*   \*   \*   \*   \*   \*

## DISCUSSION

Baker asserts he is neither a flight risk nor a threat to the community's safety. Jay argues he does not pose a danger to the community and asserts a combination of conditions exist that would reasonably assure his appearance at any future proceedings. The government, on the other hand, contends both Defendants are dangers to the community. The government argues Defendants' prior criminal histories, Defendants' failures on supervision, and the unresolved charges brought against Defendants by the State of Oregon for violent felonies warrant federal detention pending the government's appeal.

1. **Any presumption against release pursuant to 18 U.S.C. § 3142(e) is overcome because the Court suppressed the evidence that otherwise could support Defendants' conviction of offenses described in § 3142(f)(1).**

At the time they were arrested, Defendants illegally possessed numerous firearms and cocaine. As a result, Defendants were charged with federal drug and weapons crimes. The government argues the charged offenses are within the scope of § 3142(f)(1), and, therefore, a rebuttable presumption against Defendants' release is triggered pursuant to § 3142(e). Defendants, on the other hand, contend the Court should not consider the suppressed evidence when it determines whether the rebuttable presumption against release has been triggered. The Court agrees. The government concedes it is unlikely Defendants will be convicted of one or more of the presumption-qualifying offenses in the absence of the suppressed evidence. The Court concludes, therefore, the presumption that no condition or combination of conditions would reasonably assure Defendants' appearance at future hearings as

well as the safety of the community is not triggered in this instance.

2. **As limited below, the Court considers the suppressed evidence to determine whether conditions of release exist that will reasonably assure Defendants' appearances at future proceedings as well as the safety of the community as required by 18 U.S.C. § 3142(g).**

■ Because the Court suppressed the evidence that supports the charges against them, Defendants contend the Court also should ignore that evidence when weighing the release factors set forth in § 3142(g). Defendants assert in particular that the Court should not use suppressed evidence to assess "the weight of the evidence" against Defendants for purposes of release pursuant to § 3142(g)(2). *See United States v. Shareef,* 907 F.Supp. 1481, 1483–85 (D.Kan.1995).

The government, however, contends the Court should evaluate the suppressed evidence pursuant to the so-called "cost-benefit analysis" set forth in *United States v. Leon,* 468 U.S. 897, 907, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In *Leon,* the Supreme Court concluded the exclusionary rule did not apply automatically to exclude for all purposes evidence seized in violation of the Fourth Amendment. *Id.* To determine whether to admit such evidence for purposes other than trial, a court must weigh "the costs and benefits of preventing the use ... of inherently trustworthy tangible evidence." *Id.* The Ninth Circuit has not considered the admissibility of such evidence for purposes of a release hearing. The court, however, has applied the cost-benefit analysis to sentencing proceedings and to revocation hearings. *See, e.g., United States v. McIver,* 186 F.3d 1119 (9th Cir.1999), *cert. denied,* 528 U.S. 1177, 120 S.Ct. 1210, 145 L.Ed.2d 1111 (2000) (sentencing); *United States v. Kim,* 25 F.3d 1426 (9th Cir.1994) (sentencing);

*United States v. Hebert,* 201 F.3d 1103 (1999) (revocation).

A court should have as much information as possible to evaluate properly whether a defendant poses any risk of danger to the community if released. Thus, even though this Court suppressed evidence for purposes of trial, that evidence may speak loudly concerning community safety because it involves convicted felons in unlawful possession of multiple weapons and cocaine. The Court concludes, therefore, consideration of the suppressed evidence is warranted under cost-benefit analysis, particularly when applying the statutory release factors that bear on community safety. The Court, therefore, applies § 3142(g) to the pending Motions in light of the circumstances known to the Court, including the evidence that implicates both Defendants in the charged gun and drug crimes.

3. **The risk of Defendants' nonappearance for future proceedings in this Court is slight because Defendants also are facing prosecutions for violent felonies in state court and, therefore, their imminent release to the community is unlikely.**

■ In addition to the charges pending in this Court, Defendants are charged in a 12–count Indictment in Multnomah County (Oregon) Circuit Court, Case Nos. 01–12–38476 and 01–12–38477, with multiple crimes that occurred on June 21, 2001, the day before their arrests in this matter. These state charges include felony crimes of violence with mandatory minimum sentences under state law. Even if this Court released Defendants from custody on the pending federal charges, it is virtually certain they would not be released to the community in the near term. Instead, the State would hold Defendants in state cus-

tody pending a state judge's resolution of the release and suppression issues that Defendants likely will raise in that forum. The Court, therefore, concludes the nature of the state charges and the high bail requirements make it unlikely that Defendants would be released in an early detention hearing in state court. In addition, even if Defendants make motions to suppress in state court on the same grounds addressed in this Court's January 7, 2003, Opinion and Order, the Court finds it is unlikely that any final, dispositive ruling from the state court would be rendered before the Ninth Circuit determines the merits of the appeals in this matter. The Court finds, therefore, little risk of Defendants' nonappearance for any future proceedings in this Court exists because it is highly likely Defendants will remain in state custody until the federal appeal issues are resolved. Accordingly, the Court finds this factor currently weighs in favor of release under the unusual circumstances of this case.

**4. No combination of conditions exists that reasonably will assure the safety of the community if Defendants are released.**

To determine whether conditions of release exist that will reasonably assure community safety if Defendants are released, the Court has considered and applied the following factors set out in 18 U.S.C. § 3142(g):

**(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**

As noted, Defendants are charged with multiple weapons and drug crimes in violation of federal law. The Court described in detail the evidence of Defendants' obvious involvement in this activity in its January 7, 2003, Opinion and Order. Suffice it to say, Defendants' illegal possession of multiple firearms weighs heavily in favor of a finding that Defendants would pose a danger to the community if released. Previous court orders directing Defendants not to possess weapons had little effect on their behavior on January 22, 2001. This Court can conceive of no condition or combination of conditions that would assure Defendants now would obey a release order conditioned on Defendants' not possessing firearms. In addition, the evidence described in the Court's January 7, 2003, Opinion and Order, which the Court adopts as true for purposes of these Motions, makes clear Baker was in the process of manufacturing cocaine and Jay, at the least, was in the process of helping Baker hide that crime from police when Defendants were arrested.

The Court concludes, therefore, this factor weighs in favor of a finding that Defendants would pose a danger to the community if released.

**(2) The weight of the evidence against the person.**

Because the Court has suppressed the bulk of the evidence against Defendants and the government concedes it cannot proceed without that evidence, the Court concludes this factor weighs against a finding that Defendants would pose a danger to the community if released.

**(3) The history and characteristics of the person.**

As noted, a court should consider:

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on

probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law . . . .

18 U.S.C. § 3142(g)(3).

Baker argues the record shows he has specialized training as a welder and, therefore, is "highly employable." He also asserts the record reflects he was raised and educated in this area where his family still lives and, therefore, has "strong community ties." Jay proposes the Court allow him to live with his mother, a stable and relatively long-term resident of Portland; to participate in the "Better People Program"; to receive cognitive behavioral therapy and assistance in finding and maintaining employment; and to be supervised on electronic monitoring.

The government emphasizes Defendants both are convicted felons. The Court notes Jay has been convicted of, among other crimes, armed robbery, and Baker has a felony record of, among other convictions, assault in the second degree. The government also points out both Defendants were on community supervision at the time the current charges arose and at the time they allegedly committed the state law crimes of violence that reportedly occurred the day before their arrests in this case. Because Defendants have been indicted by a grand jury on these state charges, the Court concludes, at the least, probable cause exists to believe they committed those crimes while on community supervision.

After considering all of these factors, the Court concludes each Defendant's "history and characteristics" weigh in favor of a finding that Defendants would pose a danger to the community if released.

**(4) The nature and seriousness of the danger that would be posed by the person's release.**

As noted, Defendants' prior history involves violent felonies; they illegally possessed multiple firearms while on community supervision; they were involved, to some extent at least, in the manufacture and probable distribution of cocaine while on community supervision; and probable cause exists to believe they engaged in state law crimes of violence while on community supervision. The Court, therefore, finds both Defendants would pose a serious risk of danger to the community if they were released. Accordingly, the Court concludes this factor clearly weighs in favor of a finding that Defendants would pose a danger to the community if released.

After considering all of these factors, the Court finds no condition or combination of conditions of release exists that would reasonably assure the safety of the community if Defendants were released. Pursuant to 18 U.S.C. § 1342(e), therefore, the Court "shall order the detention" of Defendants.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant Baker's Motion for Release From Custody (# 93), **DENIES** Defendant Jay's Motion for Release Pending Government's Appeal and Defendant's Cross–Appeal (# 96), **GRANTS** the government's Motion for Continued Detention (# 98), **GRANTS** the government's Supplemental Motion Regarding Defendants' Continued Detention (# 104), and orders Defendants to be detained pending appeal.

IT IS SO ORDERED.