Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports.  Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Decided August 3, 2011

No. 11-3046

UNITED STATES OF AMERICA,
APPELLEE

v.

ONUOHA NWOKORO, ALSO KNOWN AS IGGY,
APPELLANT

———

On Appeal of a Pretrial Detention Order
(No. 1:11-cr-00104)

———

*A. J. Kramer*, Federal Public Defender, and *Mary M. Petras*, Assistant Federal Public Defender, were on appellant's Memoranda of Law and Fact.

*Frank P. Cihlar*, *Gregory Victor Davis*, and *Alexander P. Robbins*, Attorneys, U.S. Department of Justice, were on appellee's Memorandum of Law and Fact.

Before: GINSBURG, ROGERS, and BROWN, *Circuit Judges*.

PER CURIAM: Appellant Onuoha Nwokoro appeals the decision of the district court to detain him prior to trial. He seeks reversal so that he will be immediately released on his personal recognizance. Consistent with the requirements of the Bail Reform Act, 18 U.S.C. § 3142, we conclude that a limited remand, not reversal, is necessary.

The Bail Reform Act requires that a pretrial detention order "include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(*i*)(1). There is no such order here. In *United States v. Peralta*, 849 F.2d 625 (D.C. Cir. 1988) (per curiam), however, the court held, notwithstanding "the mandatory nature of section 3142(*i*) and Rule 9 [of the Federal Rules of Appellate Procedure]," that "the transcription of a detention hearing, if it evinces a clear and legally sufficient basis for the court's determination, will satisfy the requirements of section 3142(*i*)," *id.* at 626.[1] The transcript of the detention hearing does not meet this standard, *see United States v. Simpkins*, 826 F.2d 94, 97 (D.C. Cir. 1987), for it fails to demonstrate that the district court considered all of the statutory factors and made a reasoned decision that appellant constituted a "serious risk" of flight, 18 U.S.C. § 3142(f), and that no "condition or combination of conditions" could "reasonably assure" that he would appear for trial, *id.*

At the pretrial detention hearing, the district court stated, upon hearing testimony from an Internal Revenue Service agent and the arguments of the parties' counsel, that:

---

[1] Rule 9(a) was subsequently amended, in accord with our decision in *Peralta*, to provide that the district court must "state in writing, or orally on the record," the reasons for releasing or detaining a defendant in a criminal case. FED. R. APP. P. 9(a).

> The Court has heard more than enough evidence . . . to conclude [that appellant] has substantial assets in Nigeria. The court has heard more than enough evidence to be convinced that he could take necessary steps at any time to get portions of those assets to help him facilitate his leaving this country.

May 10, 2011 Tr. 37:3–8. The district court also stated that:

> [Appellant] has moved to Africa. He has moved hundreds - - well based on the representations I have heard from the Government and the documents I have seen here, I have wire transfers totaling over $280,000 and an Agent testified to . . . a million dollars in receipts in a two-year period [referring to appellant's tax preparation services' gross receipts in 2005 through 2007] .

*Id.* 37:15–20. The district court further noted that appellant at the time of his arrest "was going back to Africa." *Id.* 38:5. Finally, the district court stated:

> The Court finds that the Defendant is indeed a substantial flight risk. The Court finds . . . that there is no combination of conditions that could possibly protect this Court's interest in having him appear here before this Court. . . . The Court finds that he is a flight risk and that he should be detained pending the outcome of this case.

*Id.* 38:9–17.

The question presented by the transcript is whether the recorded findings, even if not in the form required by the Bail Reform Act, are sufficient to support the conclusion that

appellant's pretrial detention is necessary in order to assure his presence at trial. In *Simpkins*, 826 F.2d 94, the court addressed the content of the "findings of fact" and "statement of the reasons for detention," 18 U.S.C. 3142(*i*)(1), that a judicial officer must produce. There, the magistrate judge's order stated:

> The likelihood of conviction is very high and given the severe mandatory sentence [the defendant] faces, I believe the potential to flee, rather than to stand trial, is probable and therefore also conclude that the pretrial detention of the defendant is required in order to assure the safety of the community as well as to preclude the risk of flight to avoid prosecution for these charges.

826 F.2d at 97. The court concluded that these findings were inadequate because they did not address a number of counterbalancing factors enumerated in 18 U.S.C. § 3142(g), *see id.*, which both lists relevant factors and mandates that the "judicial officer *shall*, . . . take into account the available information concerning" those factors, 18 U.S.C. § 3142(g) (emphasis added).

Whether appellant is a "serious" flight risk, 18 U.S.C. § 3142(f)(2), is not readily apparent from the district court record. Other than noting that appellant "has moved to Africa," May 10, 2011 Tr. 37:14, and that appellant had transferred substantial assets to Nigeria and he could possibly take steps to retrieve those assets, *id*. 37:3-8, 14, the district court made no factual findings. Neither did the district court demonstrate that it considered many of the facts apparent from the record before it.

For example, the district court did not mention any of the facts favoring appellant's pretrial release. When given the opportunity to flee the area, appellant has not. He does not presently have assets under his control in the United States (his bank account in the United States has been frozen), and he does not have possession of his U.S. or Nigerian passports (which are in government custody)[2] with which to leave this country, much less to enter Nigeria. He has never failed to appear in court when notified, and he has never failed to check in with the Pretrial Services Agency as he was previously required to do on a weekly basis. Indeed, after the magistrate judge dismissed the initial criminal complaint against him, appellant made no apparent attempt to flee prior to his arrest on a new indictment five days later. Appellant was released on his own recognizance two days later and again made no apparent attempt to flee between then and the detention hearing four weeks later. Appellant is not charged with a violent offense, and he has no prior criminal record.

The district court similarly failed to explain what weight (if any) it accorded facts favoring pretrial detention. It is apparent from the district court record that appellant currently has negligible ties to the District of Columbia area community: he has no job other than his work at the homeless shelter and occasional day labor jobs. Although appellant is a naturalized U.S. citizen — he came to the United States in 1982, obtained a college degree from a U.S. college, married, had four children, and lived and worked in the Washington, D.C. area for more

---

[2] The government seized appellant's Nigerian passport, which was on his person at the time of his arrest. Appellant voluntarily sent his U.S. passport to the U.S. State Department for renewal prior to his arrest. The government has since confirmed that appellant's U.S. passport is in its custody and that a criminal hold has been placed on reissuance of the passport.

than twenty years, establishing a tax preparation business at one time, and his wife and children continue to live in the area — he now has no home here other than the homeless shelter. Neither does he apparently have any family or friends who have indicated an interest in posting bond for him or allowing him to live with them in this area. And there is evidence that appellant has substantial connections to Nigeria, by virtue of birth and the transfer of funds over the course of three years, ending in 2007. Neither did the district court mention the strength or weakness of the government's evidence that appellant allegedly aided and assisted in the preparation of false tax returns. Nor did the district court credit or reject the government's argument that the sophisticated nature of appellant's alleged crimes made him less likely to return for trial to face the charges against him.

At this point the district court's reasoning is terse and conclusory, and its factual findings regarding appellant's resources in Nigeria, his ability to retrieve those resources, and his ability to leave the United States appear in part to be without foundation in the record. Moreover, unlike the non-U.S. citizen defendant in *United States v. Xulam*, 84 F.3d 441, 444 (D.C. Cir. 1996), whom this court ordered released pretrial, appellant is not charged with forging a passport or otherwise shown to have forgery skills, much less resources within the United States, giving him the unique ability to leave the United States. Insofar as the government's memorandum on appeal addresses the strength of the government's evidence against appellant, it only states in a footnote that the charges against appellant concern fictitious business losses that he allegedly "placed" on certain of his clients' tax returns. Appellee's Mem. of Law and Fact at 11 n.5.

Together these circumstances indicate that the district court failed to make the required assessment with respect to release or detention, and to adequately memorialize its determination in

the form of written or oral on-the-record "findings of fact and a [] statement of the reasons for the detention," 18 U.S.C. § 3142(*i*)(1); *supra note* 1. Its factual finding and reasoning are insufficient to demonstrate that it considered all information available concerning the statutory factors and made a reasoned decision that appellant constituted a "serious risk" of flight, 18 U.S.C. § 3142(f), and that no "condition or combination of conditions" could "reasonably assure" it that he would appear for trial, *id.* Consequently, this court is not apprised of *why* the district court concluded on the record before it that the government had met its burden that appellant presented a "serious" risk that he would flee prior to trial, *id.* § 3142(f)(2)(A), or its burden of proving that no condition or combination of conditions could reasonably assure the appearance of appellant at trial, *id.* § 3142(e)(1).

Because the district court has failed to conform to the requirements of the Bail Reform Act, 18 U.S.C. § 3142(g), (*i*)(1), we must remand the case for the district court to consider all the relevant facts and to prepare, in an expeditious manner, findings of fact and a statement of reasons in support of appellant's pretrial detention pursuant to the Bail Reform Act, or otherwise to order appellant's pretrial release subject to appropriate conditions.