NOT RECOMMENDED FOR PUBLICATION
File Name: 12a0401n.06

No. 11-2338

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Apr 13, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CHARLES EARL WATSON, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | **OPINION** |

Before: **GIBBONS, GRIFFIN,** and **DONALD**, Circuit Judges.

**Donald**, Circuit Judge. Defendant-Appellant Charles Earl Watson appeals the district court's order denying his motion to reopen his detention hearing pursuant to 18 U.S.C. § 3142(f) and its determination that his due process rights were not violated by his continued detention. For the following reasons, we affirm.

## I. BACKGROUND

Charles Earl Watson was arrested on April 20, 2010, and charged with (1) possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); (3) possession

of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (4) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

After his arrest, Watson made statements to the police claiming possession of drugs and a bloodied gun seized from the home in which he was staying and indicated that the gun was used in a potential homicide in Detroit several days prior. Following a hearing on August 10, 2010, a magistrate judge ordered that Watson be released on bond. The Government appealed the bail determination to the presiding district court judge. On August 12, 2010, the district court ordered that Watson be detained pending trial due to the severity of the charges against him, his criminal history, his possible involvement in a potentially fatal shooting of a third party, an the danger he posed to the community.

On December 16, 2010, the district court[1] suppressed the items found on Watson's person after his arrest, and on January 7, 2011, it suppressed Watson's post-arrest statements. The district court did not suppress the gun and drugs seized from the home. In light of the suppressed evidence, Watson filed his first motion to reopen the detention hearing on January 28, 2011. The district court denied the motion. On March 14, 2011, the Government filed an interlocutory appeal challenging the suppression of Watson's post-arrest statements. On May 27, 2011, Watson filed his second motion to reopen the detention hearing, but it was also denied. This appeal followed.

---

[1] The district court judge that ordered Watson's detention is not the same district court judge that suppressed the evidence or that denied Watson's motions to reopen the detention hearing.

## II. ANALYSIS

### A. Standard of Review

Under federal law, "a detention hearing *may* be reopened" if certain conditions are met. 18 U.S.C. § 3142(f). We have held that the "use of the word 'may' as opposed to 'will,' for example, implies that the district court has discretion in determining whether to grant the motion." *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991) (finding the standard for a motion to dismiss for failure to respond to be an abuse of discretion standard due to the use of the word "may"); *United States v. Jamal*, 246 F. App'x 351, 369 (6th Cir. 2007) (finding that the decision to transfer venue was in the discretion of the district court by virtue of the word "may" in the Federal Rules of Criminal Procedure). Thus, we review the denial of a motion to reopen a detention hearing for abuse of discretion.

### B. Motion to Reopen Detention Hearing

A detention hearing may be reopened if 1) new information exists that was unknown to the movant at the time of the hearing; and 2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community. 18 U.S.C. § 3142(f)(2)(B). In other words, the

new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community.

Watson asserts that the first prong of §3142(f)(2)(B) is satisfied in two respects. Watson first contends that the district court failed to address the basis for his original detention. He maintains that the district court should have taken into account the fact that the homicide investigation involving Watson, which was part of the district court's basis for finding him dangerous, has not produced any evidence linking him to that crime. This information is not new. Watson has consistently argued that the use of the homicide investigation as a basis for detention was improper, and defense counsel even stated at the bond hearing that it was "not clear that the defendant was in any way involved" with the homicide. Thus, the failure of this investigation to produce evidence against him was certainly not unknown to Watson at the time of his original detention hearing, and Watson cannot claim this was new information sufficient to satisfy the first prong.

Next, Watson argues that the district court's suppression of evidence and statements is new information that serves as a basis to reopen the detention hearing. Watson cites to *United States v. Peralta*, 849 F.2d 625 (D.C. Cir. 1988), and *United States v. Shareef*, 907 F. Supp. 1481 (D. Kan. 1995), for the proposition that suppression of evidence provides a basis to reopen the bond determination. In *Peralta*, the district court reopened the detention hearing after ruling against the defendant on his motion to suppress drugs and cash found on his person. 849 F.2d at 625. The court reasoned that the adverse ruling may make Peralta more inclined to flee and that repeated cocaine possession or sale had a material bearing on the safety of another person or the community as a

whole. *Id*. Watson argues that the inverse of *Peralta* applies: the district court's grant of his motions to suppress makes him less likely to flee and diminishes the evidence against him. The district court found that while the suppressed evidence works in Watson's favor, suppression of evidence is not a basis to reopen a detention hearing. The district court did not abuse its discretion in making such a finding.

*Shareef* is distinguishable by virtue of the fact that *all* of the evidence in the case against that defendant was suppressed. 907 F. Supp. at 1483. Only Watson's post-arrest statements and the items found on his person were suppressed. The evidence seized from the home Watson was staying in was not suppressed. Thus, there was still admissible evidence on which the district court could determine that Watson remained a danger to the community.

Moreover, Watson cites *Shareef* as providing a "basis to reopen." While a basis to reopen arguably exists, attention must again be turned to the use of the word "may." *See id*. ("suppression of all the evidence in the case is information that *may* form the basis upon which a detention hearing *may* be reopened) (citing *Peralta*, 849 F.2d at 625) (emphasis added). As previously mentioned, use of the word "may" indicates discretion on the part of the district court. Thus, there is no requirement to reopen a detention hearing on the basis of suppressed evidence.

Watson's insistence that the district court should have looked to factors in addition to§ 3142(f)'s requirement of new information material to his appearance in court or the safety of the community is improperly argued in an appeal from a motion to reopen a detention hearing. As the

Government correctly states, this is not an appeal from the initial detention order, where those arguments would have been more appropriate. *See United States v. Hazime*, 762 F.2d 34 (6th Cir. 1985).

Given the foregoing, the district court did not abuse its discretion in denying Watson's motion to reopen his detention hearing.

C.  Due Process

We next consider whether Watson's continued pretrial detention violates the Due Process Clause.  Pretrial detention violates the Fifth Amendment when it amounts to "punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).   "Liberty is the norm, and detention prior to trial or without trial is the carefully limited exception," *United States v. Salerno*, 481 U.S. 739, 755 (1987). "A government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest." *Id.* at 748.   Whether a pretrial detention is unconstitutionally excessive is determined on a case-by-case basis. *United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993). The district court's factual determinations are reviewed for clear error, while the ultimate determination of whether due process has been violated is reviewed *de novo*. *United States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000).

While this Court has not specifically addressed this issue, we find the Second Circuit's case law on the subject to be particularly instructive.  The Second Circuit has identified four factors to be considered in determining if the pretrial detention is unconstitutionally excessive: (1) the length

of the detention; (2) the extent of the prosecution's responsibility for the delay of the trial; (3) the gravity of the charges; and (4) the strength of the evidence upon which the detention was based. *See id*.

The length of pretrial detention is not dispositive, and will, by itself, rarely offend due process. *Id.* at 79 (quoting *United States v. Millan*, 4 F.3d 1038, 1044 (2d Cir. 1993). Watson has been detained awaiting trial since his arrest on April 20, 2010. Courts have found lesser periods of detention to be a violation of due process, *United States v. Melendez-Carrion*, 790 F.2d 984, 1004 (2d Cir. 1986) (finding detention for eight months without bail on the grounds of dangerousness violated due process), but they have also found lengthier periods that were not in violation of the Fifth Amendment. *El-Hage*, 213 F.3d at 79-81 (finding that a detention period of 30-33 months did not violate due process where the prosecution bore little responsibility for the delay, trial preparation was time-consuming, the case involved complex legal issues, and the charges against the defendant were grave). Therefore, we must look to the other factors in conjunction with length of detention.

In addressing the second factor, the prosecution's responsibility for delay, we recognize that the Government's appeal of the district court's order granting of the motion to suppress Watson's post-arrest statements accounted for seven months of Watson's continued detention. Pursuant to 18 U.S.C. § 3731, the government is required to certify to the district court that an appeal of its order suppressing evidence issued before a verdict is rendered is not taken for the purposes of delay. Here, the Government complied with this requirement of § 3731 and filed a timely interlocutory appeal to this Court. *See United States v. Young*, 657 F.3d 408, 417 (6th Cir. 2011). Further, Watson did

not object to the Government's request to stay the proceedings pending our ruling on the motion to suppress, and, therefore, the second factor weighs against Watson.

Concerning the gravity of the charges, Watson argues that Count I carries a minimum sentence of five years' imprisonment and that Count II carries a maximum sentence of five years' imprisonment. However, Watson has a prior conviction for intent to distribute marijuana and was serving a two-year term of probation when the was arrested for the instant offense. Under 21 U.S.C. § 841(b)(1)(D), "any person [who] commits [] a violation [of this section] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 10 years."

While it is still to be determined which statutory guidelines will be used when Watson is sentenced,[2] it is important to note that the district court mistakenly stated the sentencing mandatory minimums for some of the counts with which Watson was charged.[3] But despite the district court's

---

[2] The district court that denied Watson's motion to reopen the detention hearing that is now on appeal based its calculation of the statutory sentencing guidelines on the district court's (the one that presided over Watson's detention hearing) conclusion that the Fair Sentencing Act of 2010 (FSA) does not apply in this case. The Supreme Court has granted *certiorari*. to determine the issue of whether the FSA applies to sentencings that occurred after its enactment but the conduct occurred before its enactment. If the FSA is found to apply, Count III will no longer carry a minimum sentence of life in prison. *See* 18 U.S.C. § 924 (c)(1)(A)(i).

[3] The district court's order denying Watson's motion to reopen the detention hearing mistakenly found that Counts II and IV carry a *minimum* sentence of 10 years and that Count III carries a *minimum* sentence of life in prison. Counts II and IV carry a *maximum* of 10 years and Count III carries a *maximum* of life in prison. *See* 21 U.S.C. § 841(b)(1)(D); 18 U.S.C. § § 922 (g) and 924 (a)(2); 18 U.S.C. § 924 (c)(1)(A)(i) (emphasis added).

mistake regarding the sentencing range, the charges against Watson are still very grave and potentially carry considerable sentences. Moreover, 18 U.S.C. § 3142(e)(3)(A) states that there is a presumption of detention where an offense prescribed in the Controlled Substances Act carries a maximum term of 10 years imprisonment. 18 U.S.C. § 3142(e)(3)(A); *see also United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010). As such, the gravity of the charges weighs against Watson as well.

Lastly, we must consider the strength of the evidence. As previously mentioned, the district court's suppression of evidence and statements weighs in Watson's favor; however, the issue of dangerousness still exists based on Watson's potential connection to the ongoing homicide investigation.

Balancing all of the applicable factors, we conclude that Watson's pretrial detention is not unconstitutionally excessive and does not violate his due process rights.

## III. CONCLUSION

The district court's order denying the defendant's motion to reopen his detention hearing and its finding that his prolonged pretrial detention is not excessive in violation of the Fifth Amendment is AFFIRMED.